IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**CHET MICHAEL WILSON**,

    Plaintiff,

v.

**PACIFICORP dba PACIFIC POWER IN OREGON**,

    Defendant.

Civ. No. 6:24-cv-01956-AA

**OPINION AND ORDER**

---

AIKEN, District Judge:

    Plaintiff Chet Michael Wilson brings this putative class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, against Defendant PacifiCorp. *See* First Am. Compl. ("Compl."), ECF No. 17. Before the Court is Defendant's Motion to Dismiss for Lack of Jurisdiction, ECF No. 19. For the reasons explained, Defendant's Motion to Dismiss is GRANTED. Plaintiff's Complaint is DISMISSED with leave to amend.

## BACKGROUND

    Plaintiff is an individual residing in Oregon with a cell phone number ending in -9999. First Am. Compl. ("Compl.") ¶¶ 7, 12; ECF No. 17. PacifiCorp is a

Page 1 – Opinion and Order

corporation that is registered and provides electrical utility service in Oregon. *Id*. ¶ 9. Plaintiff alleges that he received prerecorded messages from PacifiCorp when he never had an account with PacifiCorp, does not owe any money to PacifiCorp, did not provide his cell phone number to PacifiCorp, and did not otherwise give PacifiCorp consent to place calls using an artificial or prerecorded voice to his cell phone number. *Id*. ¶¶ 22-25. Based on these allegations, plaintiff alleges that PacifiCorp violated the TCPA and seeks damages, a declaration that PacifiCorp violated the TCPA, and an injunction prohibiting PacifiCorp from placing calls "to the cellular telephone numbers of members of the class, in connection with which it uses an artificial or prerecorded voice." *Id.*, Prayer for Relief (e). PacifiCorp moves to dismiss the Complaint, asserting that Plaintiff lacks Article III standing and that the Court does not have subject matter jurisdiction under Rule 12(b)(1). ECF No. 19.

## LEGAL STANDARD

Under Rule 12(b)(1), a jurisdictional attack may be facial or factual. Fed. R. Civ. P. 12(b)(1). In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Generally, on a 12(b)(1) motion regarding subject matter jurisdiction, unlike a 12(b)(6) motion, a court need not defer to a plaintiff's factual allegations. *Id.* But the Supreme Court has held that where a 12(b)(1) motion to dismiss is based on lack of standing, the court must defer to the plaintiff's factual allegations and must "presume[e] that general allegations embrace those specific facts that are necessary to support the claim."

Page 2 – Opinion and Order

*Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889 (1990). Therefore, to show standing "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The party invoking federal subject matter jurisdiction has the burden of establishing standing. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), *as revised* (May 24, 2016).

## DISCUSSION

### I. Plaintiff's Allegations

Plaintiff seeks (1) a declaration that PacifiCorp "violated 42 U.S.C. § 227(b)(1)(A)(iii)" and (2) an order enjoining PacifiCorp from continuing to make calls to Plaintiff's and class members' cell phones using an artificial or prerecorded voice. Compl¶¶ (d), (e) (Prayer for Relief).

In their Complaint, Plaintiff states that PacifiCorp called three times between January and March of 2024, "intending to reach someone other than Plaintiff." *See id.* ¶¶ 14, 15, 51. Plaintiff does not allege that they made any request to PacifiCorp to discontinue the calls, or that Plaintiff received any calls since March 2024. Based on those facts, Plaintiff alleges that PacifiCorp, "as a matter of pattern and practice" (1) dials wrong or reassigned cellular telephone numbers, and (2) uses an artificial or prerecorded voice to call numbers without consent. *Id.* ¶ 31. Plaintiff's Complaint does not allege that PacifiCorp is likely to call him in the future.

### II. Argument

Page 3 – Opinion and Order

PacifiCorp argues that the Court should dismiss Plaintiff's prayer for declaratory and injunctive relief for lack of standing. PacifiCorp maintains that, on the facts alleged in the Complaint, Plaintiff lacks standing because he has not alleged, and cannot allege, facts that suggest a sufficient likelihood that he will be harmed again in a similar way. Def. Mot. to Dismiss ("Def. Mot.") at 3. In PacifiCorp's view, Plaintiff's allegation of a past violation, without alleging that violations will continue, is insufficient to establish standing to seek declaratory or injunctive relief and thereby deprives the Court of subject matter jurisdiction to award the requested relief. While PacifiCorp does not specify whether it is mounting a facial or factual attack, the substance of its motion indicates that it believes Plaintiff's allegations are insufficient to invoke the Court's jurisdiction with respect to injunctive relief, *i.e.*, it brings a facial challenge. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) ("In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction.").

Plaintiff responds, first, that at this initial stage, prior to discovery, the "scope of the calling conduct is unknown." Plf. Resp. at 5. Second, Plaintiff faults PacifiCorp for failing to "assert that it no longer make[s] pre-recorded calls." *Id*. Plaintiff relies on *Griffin v. Am.-Amicable Life Ins. Co. of Texas*, 2024 WL 4333373 (D. Or. Sep. 27, 2024), wherein Judge McShane explained that the defendant was alleged to have engaged in widespread "unsolicited marketing, harming thousands" that made it "plausible that Plaintiffs may receive additional calls in the future." *Id*. at *6. Based

on that, the crux of Plaintiff's argument is that *someone* in the class might have standing, and therefore, the Court cannot dismiss the Complaint.

PacifiCorp rightfully replies that many of the cases on which Plaintiff relies are distinguishable, and that Plaintiff cannot save his claims for declaratory and injunctive relief by relying on the fact that he has alleged a claim on behalf of a putative class, "based on the possibility that unidentified people in the putative class may have standing." Def. Reply at 3. The Court agrees with PacifiCorp.

### III.  Analysis

A district court must dismiss an action if it lacks jurisdiction over the subject matter of the suit. Fed. R. Civ. Pro. 12(b)(1). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing" the elements of standing: injury in fact, causation, and redressability. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) *as revised* (May 24, 2016). Once a defendant moves to dismiss for lack of subject matter jurisdiction, the plaintiff has the burden of establishing the court's jurisdiction. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

In a purported class action, standing exists where at least one named plaintiff meets these requirements. *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 865 (9th Cir. 2014). To demonstrate standing, the "named plaintiffs who represent a class must allege and show they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Lewis v. Casey*, 518 U.S. 343, 347 (1996).

In the context of requests for injunctive relief, the standing inquiry requires plaintiffs to "demonstrate that [they have] suffered or [are] threatened with a 'concrete and particularized' legal harm, coupled with a 'sufficient likelihood that [they] will again be wronged in a similar way.'" *Bates v. United Parcel Service, Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (quoting *Lujan*, 504 U.S. at 560, and *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)). The latter inquiry turns on whether the plaintiff has a "real and immediate threat of repeated injury." *Id*. The threat of future injury cannot be "conjectural or hypothetical" but must be "certainly impending" to constitute an injury in fact for injunctive relief purposes. *In re Zappos.com, Inc. (Zappos)*, 888 F.3d 1020, 1026 (9th Cir. 2018).

Here, Plaintiff filed his amended complaint on January 15, 2025. At that point, it had been ten months since PacifiCorp's last alleged call. And Plaintiff does not allege continuing, present adverse effects due to his exposure to further calls. Plaintiff frames requested declaratory relief in past tense, asking the Court to declare that "Defendant violated" the TCPA. Compl. at 8 (d). As noted, past exposure to unlawful conduct is insufficient to confer standing to seek injunctive relief unless the plaintiff continues to suffer adverse effects. *Mayfield v. United States*, 599 F.3d 964, 970 (9th Cir. 2010). Nor does Plaintiff allege a sufficient threat of future harm—let alone "actual and imminent" or "certainly impending" harm. Ten months went by without a call. That does not strike the Court as a fact supporting a claim for actual, imminent, or impending risk of harm in a TCPA case. Plaintiff also does not allege the possibility of future calls anywhere in the Complaint. Because Plaintiff does not

Page 6 – Opinion and Order

allege ongoing harm from past conduct or establish a sufficient likelihood of future harm, he lacks standing to seek injunctive relief on his or the class's behalf. The Court accordingly dismisses Plaintiff's claim for declaratory and injunctive relief.

## IV. Leave to Amend

A district court should therefore grant leave to amend even when, as here, no request to amend the pleading was made, "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (cleaned up). A court may deny leave to amend "only if there is strong evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment[.]" *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (cleaned up). Beyond merely requesting dismissal with prejudice, PacifiCorp does not contend any of these factors are present. Plaintiff is herby allowed to amend his Complaint and must allege facts that support a claim for relief, plausible on its face.

## CONCLUSION

Defendant's Motion to Dismiss and Motion to Strike, ECF No. 16, is DENIED as mooted by the filing of Plaintiff's Amended Complaint at ECF No. 17. Defendant's Motion to Dismiss, ECF No. 19, is GRANTED. Plaintiff's Amended Complaint, ECF No. 17, is DISMISSED *with leave to amend*. Plaintiff shall file an Amended Complaint within thirty (30) days or else this case will be dismissed without further notice.

IT IS SO ORDERED.

Dated this 30th day of September 2025.

/s/Ann Aiken

Ann Aiken
United States District Judge