Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com

Avi R. Kaufman
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## EUGENE DIVISION

| | | |
|---|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated, | : | CASE NO. 6:24-cv-01956-AA |
| | : | |
| Plaintiff, | : | **PLAINTIFF'S UNOPPOSED MOTION** |
| | : | **AND INCORPORATED** |
| v. | : | **MEMORANDUM IN SUPPORT OF** |
| | : | **PRELIMINARY APPROVAL OF** |
| PACIFICORP d/b/a PACIFIC POWER IN OREGON | : | **CLASS ACTION SETTLEMENT** |
| | : | |
| Defendant. | : | |
| _____ / | | |

## TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................ 1

II. BACKGROUND ...................................................................................................... 3

    A. The Telephone Consumer Protection Act ............................................................ 3

    B. Procedural History ............................................................................................ 4

III. THE PROPOSED SETTLEMENT ........................................................................ 5

    A. The Settlement Class ........................................................................................ 5

    B. Settlement Relief .............................................................................................. 6

    C. Class Counsel Fees and Expenses and Service Award ...................................... 6

    D. Notice Program ................................................................................................ 7

    E. Claims .............................................................................................................. 8

    F. Opt-Out and Objection Procedures .................................................................. 9

    G. Release ............................................................................................................ 10

IV. THE SETTLEMENT CLASS SHOULD BE CERTIFIED ...................................... 10

    A. Rule 23(a) Requirements ................................................................................ 10

    Numerosity Is Satisfied .................................................................................... 10

    Commonality Is Satisfied ................................................................................ 11

    Plaintiff's Claim Is Typical of the Settlement
    Class's Claims .................................................................................................. 11

**Plaintiff and Counsel Will Adequately Represent the Proposed Settlement Class** .................................................... 12

**B. Rule 23(b)(3) Requirements** ............................................. 13

**Common Issues Predominate** .............................................. 13

**A Class Action Is Superior** ................................................ 14

**V. THE SETTLEMENT MERITS PRELIMINARY APPROVAL** ........................ 14

**A. The Settlement Approval Process** ................................... 14

**B. Criteria for Settlement Approval** ................................... 16

**VI. THE NOTICE PROGRAM IS CONSTITUTIONALLY SOUND** ..................... 20

**VII. PROPOSED SETTLEMENT APPROVAL SCHEDULE** ............................. 21

**VIII. CONCLUSION** ............................................................ 22

## TABLE OF AUTHORITIES

**Cases**

*Alberto v. GMRI, Inc.*, 252 F.R.D. 652 (E.D. Cal. 2008) ........................................................ 15

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997) .......................................................... 11, 14

*Athale v. Sinotech Energy Ltd.*, No. 11 CIV. 05831 (AJN), 2013 U.S. Dist. LEXIS 199696, 2013 WL 11310686 (S.D.N.Y. Sept. 4, 2013) .................................................................................. 20

*Burnett v. CallCore Media, Inc.*, No. 4:21-cv-03176, 2024 U.S. Dist. LEXIS 112165 (S.D. Tex. June 25, 2024) ...................................................................................................................... 2

*Class Plaintiffs v. City of Seattle*, 955 F.2d 1268 (9th Cir. 1992) ............................................14

*Dunakin v. Quigley*, 99 F. Supp. 3d 1297 (W.D. Wash. 2015) ................................................. 10

*Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804 (2011) ......................................... 13

*Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265 (3d Cir. 2013) .................................................. 4

*Golan v. FreeEats.com, Inc.*, 930 F.3d 950 (8th Cir. 2019) .................................................... 17

*Good v. W. Va.-Am. Water Co.*, No. 14-1374, 2017 WL 2884535 (S.D. W. Va. July 6, 2017).18

*In re Am. Int'l Grp. Sec. Litig.*, 689 F.3d 229 .......................................................................... 13

*In re Drexel Burnham Lambert Grp.*, 960 F.2d 285 (2d Cir. 1992) ......................................... 11

*In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539 (9th Cir. 2019) .................................... 19

*Isby v. Bayh*, 75 F.3d 1191 (7th Cir. 1996) ............................................................................. 18

*Johnson v. Moss Bros. Auto Grp.*, No. ED CV 19-2456 FMO (SPx), 2021 U.S. Dist. LEXIS 195368 (C.D. Cal. June 25, 2021) ........................................................................................ 3

*Kimble v. First Am. Home Warranty Corp. & Fivestrata LLC*, No. 23-10037, 2024 U.S. Dist. LEXIS 118951 (E.D. Mich. July 8, 2024) .......................................................................... 2

*Kruzel v. Molina Healthcare, Inc.*, No. 6:23-cv-01183-AA, 2026 U.S. Dist. LEXIS 87463 (D. Or. Apr. 21, 2026) ..................................................................................................... 15

*Kuck v. Berkey Photo, Inc.*, 87 F.R.D. 75 (S.D.N.Y. 1980) .............................................. 17

*Larson v. Harman-Management Corp.*, No. 1:16-cv-00219-DAD-SKO, 2020 U.S. Dist. LEXIS 107938 (E.D. Cal. June 18, 2020) ...................................................................................... 2

*Markos v. Wells Fargo Bank, N.A.*, No. 1:15-cv-01156-LMM, 2017 U.S. Dist. LEXIS 17546 (N.D. Ga. Jan. 30, 2017) ................................................................................................ 19

*Melito v. Am. Eagle Outfitters, Inc.*, No. 14-CV-2440 (VEC), 2017 U.S. Dist. LEXIS 146343 (S.D.N.Y. Sept. 8, 2017) ................................................................................................ 3

*Moshogiannis v. Security Consultants Group, Inc.*, No. 5:10-CV-05971-EJD, 2012 WL 423860 (N.D. Cal. Feb. 8, 2012) ................................................................................................ 16

*Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306 (1950) ........................................ 21

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523 (C.D. Cal. 2004) ....... 18, 19

*Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985) ............................................................. 21

*Physicians Healthsource, Inc. v. A-S Medication Sols., LLC*, 318 F.R.D. 712 (N.D. Ill. 2016).14

*Rankins v. Arca Cont'l S.A.B. de C.V.*, No. 20-CV-1756 (ENV) (TAM), 2024 U.S. Dist. LEXIS 197597 (E.D.N.Y. Oct. 30, 2024) ............................................................................................ 2

*Shelton v. Agentra*, No. 18-615, 2021 U.S. Dist. LEXIS 144659 (W.D. Pa. Aug. 3, 2021) ...... 2

*Simms v. ExactTarget, LLC*, No. 1:14-cv-00737-WTL-DLP, 2018 U.S. Dist. LEXIS 245963 (S.D. Ind. Oct. 2, 2018) ............................................................................................ 3, 19

*Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011) .......................................................... 11

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96 (2d Cir. 2005) ................................... 14

*Wakefield v. ViSalus, Inc.*, 51 F.4th 1109 (9th Cir. 2022) ....................................................... 17

*Williams v. Costco Wholesale Corp.*, No. 02-cv-2003, 2010 U.S. Dist. LEXIS 19674 (S.D. Cal. Mar. 4, 2010) ...................................................................................................... 16

**Statutes and Rules**

47 U.S.C. § 227 .................................................................................................. 1, 3, 17

Fed. R. Civ. P. 23(a) ............................................................................................... 10

Fed. R. Civ. P. 23(a)(1) .......................................................................................... 10

Fed. R. Civ. P. 23(a)(2) .......................................................................................... 11

Fed. R. Civ. P. 23(a)(4) .......................................................................................... 12

Fed. R. Civ. P. 23(b)(3) ...................................................................................... 13, 14

Fed. R. Civ. P. 23(e) .......................................................................................... 14, 16

**Other Authorities**

137 Cong. Rec. 30,821 (1991) ................................................................................... 4

Manual for Complex Litigation (Fourth) § 21.312 ................................................... 21

Manual for Complex Litigation (Fourth) § 21.632 ................................................... 15

Newberg on Class Actions § 11.41 (4th ed. 2002) ................................................... 14

Newberg on Class Actions § 13:1 (5th ed. 2016) ..................................................... 15

Newberg on Class Actions § 13:13 (5th ed. 2016) ................................................... 15

**UNOPPOSED MOTION**

Plaintiff  Chet Michael Wilson, with the consent of Defendant PacifiCorp, hereby respectfully moves the Court to: (1) grant preliminary approval of the settlement; (2) provisionally certify the proposed settlement class; (3) appoint as class counsel Anthony I. Paronich of Paronich Law, P.C. and Avi R. Kaufman of Kaufman P.A.; (4) appoint Plaintiff as class representative; (5) approve the proposed notice plan; (6) appoint Simpluris to serve as Settlement Administrator; and (7) schedule the final fairness hearing and related dates.

## I.    INTRODUCTION

Plaintiff Chet Michael Wilson ("Plaintiff") and Defendant PacifiCorp d/b/a Pacific Power In Oregon ("PacifiCorp" or "Defendant") have reached a Class Action Settlement Agreement and Release in this proposed class action brought under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 (the "Agreement" or "Settlement") arising from robocalls calls made by Defendant to collect a debt, but, due to the transient nature of cellular telephone numbers, were in fact made numbers not assigned to a person with an account in collections with PacifiCorp – *i.e.*, "wrong number" calls.

The Agreement,[1] which is subject to this Court's approval, creates a non-reversionary common fund of $850,000 for the benefit of Plaintiff and proposed class members. This amounts to approximately $60 before claims for each of the 14,000 potential Settlement Class Members, all of whom have been identified by Defendant's records. Declaration of Avi Kaufman ("Kaufman Decl."), attached hereto as Exhibit 2, at ¶ 3. This exceeds settlements in similar TCPA cases. *Id.*; *see, e.g., Larson v. Harman-Management Corp.*, No. 1:16-cv-00219-DAD-SKO, 2020 U.S. Dist.

---

[1] The Agreement is attached hereto as Exhibit 1.  Capitalized terms used herein, unless otherwise defined, have the same definitions as those terms in the Agreement.

LEXIS 107938 (E.D. Cal. June 18, 2020) ($4,000,000 settlement fund for a 223,026 person class, equating to $17.17 per class member before claims);.*Kimble v. First Am. Home Warranty Corp. & Fivestrata LLC*, No. 23-10037, 2024 U.S. Dist. LEXIS 118951 (E.D. Mich. July 8, 2024) ($700,000 settlement fund for a 21,953 person class, equating to $31.89 per class member before claims); *Burnett v. CallCore Media, Inc.*, No. 4:21-cv-03176, 2024 U.S. Dist. LEXIS 112165 (S.D. Tex. June 25, 2024) ($2,000,000 settlement fund for a class of over 50,000 persons, equating to less than $40 per class member before claims); *Shelton v. Agentra*, No. 18-615, 2021 U.S. Dist. LEXIS 144659 (W.D. Pa. Aug. 3, 2021) ($275,000 settlement fund for a 19,860 person class, equating to $13.85 per class member before claims).

In addition to being used to make payments to Settlement Class Members, the Settlement Fund will be used to pay the Settlement Administrator, any attorneys' fees and costs awarded to Class Counsel, and any Service Award to Plaintiff.

The parties reached the Agreement after more than 15 months of contentious litigation, which included significant informal and formal discovery, extensive conferrals regarding written discovery requests, and expert discovery. *See* Kaufman Decl. ¶ 4. By the time the parties finalized the Agreement, they were well aware of the strengths and weaknesses of their respective positions and the risks associated with pursuing this TCPA case through class certification and trial. *Id*.

In addition, to discuss settlement, the parties engaged in a full-day mediation session with mediator Bradley A. Winters of JAMS, Inc. While the parties did not settle at mediation, they continued discussions with the assistance of Mr. Winters before ultimately reaching an agreement. Kaufman Decl. ¶ 5; *see, e.g., Rankins v. Arca Cont'l S.A.B. de C.V.*, No. 20-CV-1756 (ENV) (TAM), 2024 U.S. Dist. LEXIS 197597, at *15 (E.D.N.Y. Oct. 30, 2024) (finding where an

Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement

experienced mediator was used to reach a class settlement, "there is no evidence or indicia suggesting that the negotiations were collusive").

If approved, the Settlement will bring an end to what has otherwise been, and likely would continue to be, hard-fought litigation centered on unsettled legal questions. The proposed settlement is fair, reasonable, adequate, and the anticipated Settlement Class Member payments will far exceed the payments in similar TCPA cases in this Circuit and across the country. *See, e.g., Johnson v. Moss Bros. Auto Grp.*, No. ED CV 19-2456 FMO (SPx), 2021 U.S. Dist. LEXIS 195368, at \*5 (C.D. Cal. June 25, 2021) (preliminarily approving TCPA class action settlement in which each class member would receive approximately $46, less fees and costs, regardless of the number of calls they received); *Melito v. Am. Eagle Outfitters, Inc.*, No. 14-CV-2440 (VEC), 2017 U.S. Dist. LEXIS 146343 (S.D.N.Y. Sep. 8, 2017) ($14,500,000 settlement fund for a 618,301 person class, equating to $23.45 per class member before claims); *Simms v. Exacttarget, LLC*, No. 1:14-cv-00737-WTL-DLP, 2018 U.S. Dist. LEXIS 245963 (S.D. Ind. Oct. 2, 2018) ($6,250,000 settlement fund for a 528,451 person class, equating to $11.83 per class member before claims).

Accordingly, Plaintiff respectfully requests that the Court: (1) grant preliminary approval of the settlement; (2) provisionally certify the proposed settlement class; (3) appoint as class counsel Anthony I. Paronich of Paronich Law, P.C. and Avi R. Kaufman of Kaufman P.A.; (4) appoint Plaintiff as class representative; (5) approve the proposed notice plan; (6) appoint Simpluris to serve as Settlement Administrator; and (7) schedule the final fairness hearing and related dates.

## II.    BACKGROUND

### A.  The Telephone Consumer Protection Act

The Telephone Consumer Protection Act, 47 U.S.C. § 227, and its implementing

Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement

regulations were enacted by Congress and the Federal Communications Commission to "offer consumers greater protection from intrusive telemarketing calls…." The TCPA's sponsor described unwanted robocalls as "the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall." 137 Cong. Rec. 30,821 (1991). As a remedial statute that was passed to protect consumers from unsolicited automated telephone calls, the TCPA is construed broadly to benefit consumers. *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 271 (3d Cir. 2013).

### B. Procedural History

On November 21, 2024, Plaintiff Chet Michael Wilson filed a complaint against Defendant PacifiCorp in this action asserting that Defendant violated the TCPA by making unsolicited prerecorded calls to cellular telephone numbers. Defendant moved to dismiss the complaint and strike the class allegations. ECF 16. Plaintiff filed an amended complaint in response. ECF 17. On January 29, 2025, Defendant filed a motion to dismiss the amended complaint. ECF 19. The parties fully briefed the motion. On September 30, 2025, the Court granted the motion to dismiss Plaintiff's request for injunctive relief with leave to amend. On October 1, 2025, Plaintiff filed his second amended complaint. ECF 30. On October 15, 2026, Defendant answered the complaint. ECF 33.

Since inception, Plaintiff diligently pursued investigation and discovery. Plaintiff served extensive written discovery requests on Defendant. Defendant responded to discovery, and the parties engaged in lengthy meet and confers. Kaufman Decl. ¶ 7. Plaintiff also responded to Defendant's written discovery requests. *Id.*

On October 31, 2025, the parties participated in an all-day mediation with Bradley Winters,

Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement

Esq. with JAMS, Inc. *Id.* ¶ 8. Although the parties did not reach a resolution at mediation, the parties continued settlement discussions with Mr. Winters's assistance in the months following mediation, and, ultimately, reached an agreement for the framework of a class-wide resolution. *Id.* The parties worked over the following months to reach a formal written class settlement agreement. *Id.*

The Parties recognize and acknowledge the expense and length of continued proceedings that would be necessary to prosecute the Litigation against Defendant through trial and appeals. Class Counsel also has taken into account Defendant's financial capacity, the risk of a change in TCPA law, the difficulties in obtaining class certification, and the risk that, even if successful at trial, the Settlement Class Members could ultimately recover only a *de minimis* amount. *Infra* at § V.B. Class Counsel believe that the proposed Settlement is an excellent result for the Settlement Class, exceeding the per class member monetary amounts of settlements in substantively similar TCPA cases. Based on their evaluation of all of these factors, Plaintiff and Class Counsel have determined that the Settlement is in the best interests of Plaintiff and the Settlement Class. Kaufman Decl. ¶ 10.

Class Counsel believe that the proposed Settlement confers substantial and immediate benefits upon the Settlement Class whereas continued and protracted litigation might ultimately deliver none. *Id*. ¶ 11. Based on their evaluation of all these factors, Plaintiff and Class Counsel have determined that the Settlement is in the best interests of the Plaintiff and the Settlement Class. *Id*.

III.     **THE PROPOSED SETTLEMENT**

    A.     **The Settlement Class**

Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement

The proposed Settlement Class includes: all persons throughout the United States (1) to whom PacifiCorp placed, or caused to be placed, a call (i) to collect a debt or (ii) concerning returned mail or undeliverable email communications, (2) directed to a number assigned to a cellular telephone service, but not assigned to a person who was a customer of PacifiCorp or in collections with PacifiCorp, (3) in connection with which PacifiCorp used an artificial or prerecorded voice, (4) between November 21, 2020 and the date of the Preliminary Approval Order.  There are approximately 14,000 identifiable unique telephone numbers associated with potential members of the Settlement Class. Excluded from the Settlement Class are: (1) the Judges presiding over this action and members of their families; (2) the Defendant, Defendant's respective subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and its current or former officers and directors; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any such excluded person(s). Agreement at § 1.1.34.

### B.    Settlement Relief

The Settlement provides meaningful monetary relief. Pursuant to the Agreement, a non-reversionary common fund will be created to which Defendant will contribute $850,000 for the purpose of making all required payments under the Settlement. Agreement at §§ 1.1.36 and 4.

### C.    Class Counsel Fees and Expenses and Service Award

Pursuant to the Agreement, Class Counsel will request that the Court approve an award of attorneys' fees, reimbursement of documented and reasonable costs and expenses, and a Service Award for Representative Plaintiff. Agreement at § 5.1. The Parties agree that the Court's failure to approve, in whole or in part, any award of attorneys' fees and expenses or a Service Award shall

not prevent the Settlement from becoming effective, nor shall it be grounds for termination. Agreement at § 5.2.

### D.  Notice Program

Settlement Administrator will use customary procedures including, third party services, to identify mailing and email addresses for any potential Settlement Class Members. Agreement at § 6.5.2. Within thirty (30) days after the Court enters the Preliminary Approval Order, the Settlement Administrator shall send direct notice substantially in the form of the Summary Notice in Exhibit C, as modified and/or approved by the Court, via U.S. Postal Service to any Settlement Class Member for which a mailing address is identified. The Settlement Administrator will use customary procedures, including a search of the United States Postal Service's National Change of Address database, to update Settlement Class Members' addresses. The Settlement Administrator will use customary procedures, including third party services, to identify an alternate address for any Settlement Class Member for whom a mailed notice is returned as undeliverable, and promptly remail notice to them. Agreement at § 6.5.3.

The proposed notice includes, among other information: a description of the material terms of the Settlement, a date by which members of the Settlement Class may exclude themselves from or "opt-out" of the Settlement Class; a date by which members of the Settlement Class may object to the Settlement; and the date upon which the Final Approval Hearing is scheduled to occur.

Also within thirty (30) days after the Court enters the Preliminary Approval Order, the Settlement Administrator shall create a Class Settlement Website that will contain information about the Settlement and case-related documents such as the Settlement Agreement, the Long-Form Notice in the form attached to the Settlement as Exhibit B, subject to Court modification and/or approval, the Claim Form, the Preliminary Approval Order, Class Counsel's application for

Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement

a Fee Award and Service Award, and the Complaint. Settlement Class Members shall have the option to file a claim electronically using the Class Settlement Website. Agreement at § 7.1.

The anticipated administration costs are $75,000. Kaufman Decl. ¶ 12. Those costs are reasonable compared to the size of the Settlement Fund and in light of the costs for providing direct notice by mail and transmitting settlement payments to Settlement Class Members who submit valid claims. *See id.*

### E.    Claims

To obtain a payment from the Settlement, Settlement Class Members must timely submit by mail or online via the Class Settlement Website a valid Claim Form substantially in the form of Exhibit A to the Settlement, as modified and/or approved by the Court, by the Claims Deadline. All Claim Forms must be submitted to the Settlement Administrator by the Claims Deadline. A valid Claim Form means a Claim Form containing all required information, including a unique claimant identifier, and which is signed by the claimant and is timely submitted. Any Claim Form which is not timely submitted shall be denied. In the event a Settlement Class Member submits a Claim Form by the Claims Deadline but the Claim Form is not complete, then the Settlement Administrator shall give such Settlement Class Member a reasonable opportunity to provide any requested missing information. For any Settlement Class Member who submits a Claim Form determined by the Settlement Administrator to be incomplete, the Settlement Administrator shall mail and/or email a notice directly to such Settlement Class Member, notifying him or her of the missing information and providing him or her with an opportunity to cure (the "Cure Notice").

Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement

Settlement Class Members must cure incomplete claims on or before the Effective Date. Agreement at § 7.

Each Settlement Class Member who submits an Approved Claim shall be entitled to payment in an amount equivalent to their *pro rata* share of the Settlement Fund after any approved Service Award, Fee Award, and Settlement Administration Expenses are deducted. Agreement at § 4.3.2. Payments will be made directly to Settlement Class Members by the Settlement Administrator and are anticipated to be more than $150 each. Kaufman Decl. ¶ 13.

### F.      Opt-Out and Objection Procedures

Any Class Member who has not submitted a timely written exclusion request and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement must submit written objections to the Clerk of the Court postmarked by the Opt-Out Deadline. Any objection regarding or related to the Settlement Agreement must include: (i) the objector's name, address, and telephone number; (ii) the phone number(s) at which he or she received calls covered by this Settlement; (iii) the factual basis and legal grounds for the objection; and (iv) a statement indicating whether the objector intends to appear at the Final Approval Hearing. Only Settlement Class Members who submit timely objections may speak at the Final Approval Hearing. If a Settlement Class Member makes an objection through an attorney, the Settlement Class Member will be responsible for his or her personal attorney's fees and costs. Settlement at § 9.2.

Settlement Class Members may elect not to be part of the Class and not to be bound by this Settlement Agreement. Individual requests for exclusion may be submitted to the Settlement Administrator by mail and postmarked no later than the Opt-Out Deadline. No "mass" or "class"

Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement

opt-outs are allowed. All requests for exclusion must be in writing and signed by the Settlement Class Member, include the Settlement Class Member's name, address, and the phone number(s) at which he or she received calls covered by this Settlement, and clearly state that the Person wishes to be excluded from the Litigation and the Settlement. Settlement at § 9.4.

### G.    Release

The Release is narrowly tailored under the Agreement and means all claims, demands, causes of actions, suits, damages, and/or fees that arise out of or relate in any way to the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA") or related federal or state laws by Defendant or its agents through the date of preliminary approval. Agreement at § 1.1.26.

## IV.    THE SETTLEMENT CLASS SHOULD BE CERTIFIED

Plaintiff respectfully requests that the Court provisionally certify the proposed Settlement Class for settlement purposes under Federal Rule of Civil Procedure 23(a) and (b)(3). Such certification will allow the Settlement Class to receive notice of the Settlement and its terms, including the right to submit a claim and recover money if the Settlement is approved, the right to be heard on the Settlement's fairness, the right to opt out of the Settlement, and the date, time and place of the Final Approval Hearing. For the following reasons, certification of the Settlement Class for settlement purposes is appropriate under Rule 23(a) and (b)(3).

### A.   Rule 23(a) requirements

<u>Numerosity is satisfied.</u>

The numerosity requirement of Rule 23(a) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). There is no set minimum number of potential class members that fulfills the numerosity requirement. *See, e.g., Dunakin v. Quigley,* 99 F. Supp. 3d 1297, 1327 (W.D. Wash. 2015) (numerosity is presumed at a level of 40 members).

The proposed Settlement Class consists of approximately 14,000 potential Settlement Class Members who were called on their cellular numbers using an artificial or prerecorded voice, and that have been identified by Defendant's records. *See* Kaufman Decl. ¶ 14.

Numerosity is therefore satisfied.

<u>Commonality is satisfied.</u>

Rule 23(a)(2) requires that there is "a common question of law or fact among the members of the class." Fed. R. Civ. P. 23(a)(2). To meet the commonality requirement, the representative plaintiff is required to demonstrate that the proposed class members "have suffered the same injury." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011).

Here, the common questions are dispositive and apply equally to all class members. There are multiple questions of law and fact – centering on Defendant's use of artificial or prerecorded voice calls to collect debts – that are common to the Settlement Class, that are alleged to have injured all Settlement Class members in the same way, and that would generate common answers. Kaufman Decl. ¶ 15.

And the common questions can also be resolved using common legal analysis given the uniformity of the law applicable to these questions to all Settlement Class Members—the TCPA and its implementing regulations. *Id*.

Commonality is therefore satisfied.

<u>Plaintiff's claim is typical of the Settlement Class's claims.</u>

For similar reasons, Plaintiff's claim is reasonably coextensive with the claims of the absent class members, such that the Rule 23(a)(3) typicality requirement is satisfied. Typicality is satisfied where the claims are based on the same legal theory. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997); *In re Drexel Burnham Lambert Grp*., 960 F.2d 285, 291 (2d Cir. 1992)

Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement

(typicality "is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability").

Here, Plaintiff's and Settlement Class members' claims arise from the same course of events: calls placed by Defendant using an artificial or prerecorded voice to collect debts to cellular phone numbers for persons who did not owe a debt (or had returned mail/email) to Defendant. Plaintiff and proposed Settlement Class members all seek the same statutory damages for these calls pursuant to the same legal theory. Kaufman Decl. ¶ 16.

Typicality is therefore satisfied.

<u>Plaintiff and counsel will adequately represent the proposed Settlement Class.</u>

The last Rule 23(a) requirement assures that "representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Adequacy under Rule 23(a)(4) requires (1) a plaintiff's attorney to be qualified, experienced, and generally able to conduct the proposed litigation; and (2) a plaintiff must not have interests antagonistic to those of the class.

Both of these requirements are easily met.

Plaintiff's interests in this litigation are aligned with those of the class: all seek the same recovery for the same type of unlawful calls that they received in the same manner for the same reason pursuant to the same federal statute that provides them the same measure of statutory damages. Kaufman Decl. ¶ 17.

Further, Plaintiff and the Settlement Class are represented by qualified and competent Class Counsel who have extensive experience and expertise prosecuting complex class actions, and TCPA class actions, in particular. Class Counsel has vigorously litigated this action and will

Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement

continue to vigorously prosecute this matter through completion. *See Id*. ¶¶ 20-26; Declaration of Anthony Paronich ("Paronich Decl."), attached hereto as Exhibit 3.

Adequacy is therefore satisfied.

### B.  Rule 23(b)(3) requirements

Class certification under Rule 23(b)(3) is appropriate where (1) "the questions of law or fact common to class members predominate over any questions affecting only individual members;" and (2) "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3); *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 809, 131 S. Ct. 2179, 2184 (2011).

Common issues predominate.

Rule 23(b)(3)'s predominance requirement tests "whether proposed classes are sufficiently cohesive to warrant adjudication by representation. The requirement's purpose is to ensure that the class will be certified only when it would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *In re Am. Int'l Grp. Sec. Litig.*, 689 F.3d at 239-40 (internal citation omitted).  This case is particularly well-suited for class treatment. The central issues in this case center on Defendant's collection practices, including its artificial or prerecorded voice calls to cellular telephone numbers. Kaufman Decl. ¶ 18. A trial would focus on the common evidence necessary to resolve the common issues driving the determination of Defendant's liability as to all Settlement Class Members. *Id*.

Predominance is therefore satisfied.

Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement

A class action is superior.

Rule 23(b)(3) also requires that a class action be superior to other available methods for adjudicating the controversy.

The factors in determining superiority include (1) class members' interests in pursuing individual actions, (2) any existing individual litigation, (3) judicial efficiency, and (4) the likely difficulties in managing a class action. Fed. R. Civ. P. 23(b)(3)(A)—(D). "Here, class members have little economic incentive to sue individually, there are no existing individual lawsuits, and judicial efficiency is best served by adjudicating all claims in one proceeding." *Physicians Healthsource, Inc. v. A-S Medication Sols., LLC*, 318 F.R.D. 712, 725 (N.D. Ill. 2016) (granting adversarial class certification in a TCPA case)[2]; *see* Kaufman Decl. ¶ 19.

Superiority is therefore satisfied.

## V.    THE SETTLEMENT MERITS PRELIMINARY APPROVAL

### A.  The settlement approval process

A class action settlement requires court approval. Fed. R. Civ. P. 23(e). As a matter of public policy, courts favor settlement of class actions for their earlier resolution of complex claims and issues, which promotes the efficient use of judicial and private resources. *E.g.*, *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992); *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005). The policy favoring settlement is especially relevant in class actions and other complex matters, where the inherent costs, delays and risks of continued litigation might otherwise overwhelm any potential benefit the class could hope to obtain. *See*, *e.g.*, *Newberg on Class Actions* § 11.41 (4th ed. 2002) (citing cases).

---

[2] Since the claims are being certified for purposes of settlement, there are no issues with manageability. *Amchem Prods.*, 521 U.S. at 620 ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems . . . for the proposal is that there be no trial.").

Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement

Approval of a class action settlement is a two-step process of "preliminary" and "final" approval. *See Manual for Complex Litig.* ("MCL 4th") § 21.632, at 414 (4th ed. 2004).

"The proposed settlement need not be ideal, but it must be fair, adequate and free from collusion. Preliminary approval of a settlement is appropriate if the proposed settlement appears to be the product of serious, informed, noncollusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *Kruzel v. Molina Healthcare, Inc.*, No. 6:23-cv-01183-AA, 2026 U.S. Dist. LEXIS 87463, at *19 (D. Or. Apr. 21, 2026) (internal citation omitted) (granting preliminary approval of a "wrong number" TCPA class action settlement).  Given that the Court will have the opportunity to weigh the settlement's strengths and weaknesses with more information at the final approval hearing, the preliminary approval hearing need not substitute for that level of review. *Alberto v. GMRI, Inc.*, 252 F.R.D. 652, 665 (E.D. Cal. 2008); *see also Newberg on Class Actions* § 13:13 (5th ed. 2016) ("Bearing in mind that the primary goal at the preliminary review stage is to ascertain whether notice of the proposed settlement should be sent to the class, courts sometimes define the preliminary approval standard as determining whether there is 'probable cause' to submit the [settlement] to class members and [to] hold a full-scale hearing as to its fairness.").

In the second step, after notice is provided to settlement class members and time and opportunity for them to object or otherwise be heard, the court considers whether to grant final approval of the settlement as fair and reasonable under Rule 23. *Id*. This procedure safeguards class members' due process rights and enables the Court to fulfill its role as the guardian of class interests. *See Newberg on Class Actions* § 13:1 (5th ed. 2016).

Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement

Plaintiff requests that the Court take the first step in the settlement approval process by granting preliminary approval of the proposed Settlement Agreement.

### B. Criteria for settlement approval

Fairness, reasonableness, and adequacy are the touchstones of class action settlement approval. *See* Fed. R. Civ. P. 23(e) (identifying relevant factors for settlement approval: "(A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate…; and (D) the proposal treats class members equitably relative to each other.").

Here, the parties reached a settlement after approximately 15 months of contentious litigation, including significant informal and formal discovery. Kaufman Decl. ¶ 27. Class Counsel conducted a thorough investigation and analysis of Plaintiff's and the Settlement Class's TCPA claims and Defendant's defenses by engaging in informal and formal discovery with Defendant and engaging in expert analysis. *Id*. Class Counsel's review of that discovery and attendant issues enabled them and Plaintiff to gain an understanding of the evidence related to central questions in the action and prepared them for well-informed settlement negotiations. *Id*. Moreover, Class Counsel engaged an expert to analyze the call records ultimately produced in discovery to evaluate the "wrong number" calls. *Id*. Indeed, Class Counsel's efforts have exceeded the work sometimes done in class actions to conduct a thorough analysis of the issues prior to settlement. *Cf. Moshogiannis v. Security Consultants Group, Inc.*, No. 5:10-CV-05971-EJD, 2012 WL 423860, at *5 (N.D. Cal., Feb. 8, 2012) (holding that settlement was fair, reasonable, and adequate where, *inter alia*, "the parties conducted a significant amount of informal discovery…"); *Williams v. Costco Wholesale Corp.*, No. 02-cv-2003, 2010 U.S. Dist. LEXIS 19674, at *16 (S.D. Cal. Mar. 4, 2010) ("Plaintiff ha[d] sufficient information from investigation and from informal discovery").

Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement

Plaintiff and Plaintiff's counsel were well aware of the risks they faced if they continued to litigate, including from a potential change in consumer class action and/or TCPA law. Plaintiff's counsel also has taken into account the risks associated with pursuing this case through trial and appeal, the uncertain outcome and risk of the litigation, especially in complex actions such as this one involving "wrong number" claims, and the inherent delays in complex litigation. Kaufman Decl. ¶ 28.

In fact, even if Plaintiff and the Settlement Class were to prevail at trial, the jury could choose to award them only a *de minimis* amount in damages on a per violation basis, *see* 47 U.S.C. (c)(5) (providing for "up to $500" per call). Plaintiff and the Settlement Class would also likely face a post-verdict motion to reduce the judgment amount based on recent circuit court guidance specifically in TCPA cases. *See, e.g., Wakefield v. ViSalus, Inc.*, 51 F.4th 1109 (9th Cir. 2022) (citing *Golan v. FreeEats.com, Inc.*, 930 F.3d 950 (8th Cir. 2019) (affirming district court's reduction of statutory damages by 98%, from $500 to $10 per violation for TCPA)).

"The Court's function on this application is well known it is not to reopen and enter into negotiations with the litigants in the hope of improving the settlement to meet an objector's particular objections; nor is the Court called upon to substitute its business judgment for that of the parties who worked out a settlement after hard, arm's-length, good-faith bargaining. Rather, it is called upon to evaluate the probabilities of success upon a trial and to compare the benefits thereof with the terms of compromise." *Kuck v. Berkey Photo, Inc.*, 87 F.R.D. 75, 78 (S.D.N.Y. 1980). Plaintiff and Class Counsel believe that the claims asserted are meritorious and that Plaintiff would prevail if this matter proceeded to class certification and then trial. Defendant denies any liability and is willing to litigate vigorously. The Parties recognize and acknowledge the expense

Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement

and length of continued proceedings that would be necessary to prosecute the litigation against Defendant through class certification, trial, and potential appeals. Kaufman Decl. ¶ 29.

Plaintiff relied on the judgment of its counsel, who have extensive experience litigating, settling, and trying TCPA and other class actions. *Id*. ¶¶ 20-26; Paronich Decl. In such circumstances, it may be presumed that a settlement is fair. *See Good v. W. Va.-Am. Water Co.*, No. 14-1374, 2017 WL 2884535 (S.D. W. Va. July 6, 2017) (finding "no evidence of chicanery" and noting counsel's "abundance of experience" and the advanced stage of the litigation); *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004)("'Great weight' is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation.").

The monetary relief places the Settlement well within the range of possible approval. The Settlement Agreement creates a non-reversionary common fund of $850,000 for the benefit of Plaintiff and proposed class members. This amounts to approximately $60 before claims for each of the approximately 14,000 potential Settlement Class Members, all of whom have been identified by Defendant's records, and likely upwards of $150 to each Settlement Class Member that files a valid claim. Kaufman Decl. ¶ 30.

Here, the cash payment to Settlement Class members are significant and could even exceed what they would receive if awarded a trial verdict. Even so, courts have determined that settlements may be reasonable even where plaintiffs recover only part of their actual losses. Courts recognize that the "essence of settlement is compromise," and a settlement need not represent a complete victory for the plaintiffs for it to be approved. *Isby v. Bayh*, 75 F.3d 1191, 1200 (7th Cir. 1996). Although the TCPA provides for statutory damages of up to $500 for each violation, it is well-settled that a proposed settlement may be acceptable even though it amounts to only a small

Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement

percentage of the potential recovery that might be available to the class members at trial. *See e.g., Nat'l Rural Telecomms. Coop.*, 221 F.R.D. 523, 527.

This Settlement provides an excellent result for the class—monetary relief that exceeds the relief afforded to claimants by other approved TCPA settlements—and although Settlement Class Members may "receive less than the maximum value of their TCPA claims, … they receive a payout without having suffered anything beyond a few unwanted calls …, they receive it (reasonably) quickly, and they receive it without the time, expense, and uncertainty of litigation". *See, e.g., Simms*, 2018 U.S. Dist. LEXIS 245963, at *15-16 (collecting TCPA cases providing between $20 and $200 per claiming class member). Indeed, the court in *Markos v. Wells Fargo Bank, N.A.* characterized a $24 per-claimant recovery in a TCPA class action as "an excellent result when compared to the issues Plaintiffs would face if they had to litigate the matter." No. 1:15-cv-01156-LMM, 2017 U.S. Dist. LEXIS 17546, at *11-12 (N.D. Ga. Jan. 30, 2017).

The Ninth Circuit "put[s] a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution" in analyzing whether to approve a class action settlement. *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 570 (9th Cir. 2019). The Settlement here is the result of extensive, arm's-length negotiations between experienced attorneys who are familiar with class action litigation and with the legal and factual issues of this action. Kaufman Decl. ¶ 27. Class Counsel are particularly experienced in the litigation, certification, and settlement of nationwide TCPA class action cases. *Id*. ¶¶ 20-26; Paronich Decl. Class Counsel zealously represented Plaintiff and the Settlement Class members' interests throughout the litigation and continue to do so. Moreover, the parties reached agreement only after a full day mediation session and continued negotiations with the assistance of the mediator. Kaufman Decl. ¶ 8; *see, e.g., Athale v. Sinotech Energy Ltd.*, No. 11 CIV. 05831 (AJN), 2013 U.S. Dist. LEXIS 199696, 2013 WL

Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement

11310686, at *3 (S.D.N.Y. Sept. 4, 2013) ("If, as here, a mediator is involved in the settlement negotiations between the parties, such involvement weighs heavily in favor of a finding of procedural fairness." (citing *Wal-Mart Stores, Inc.*, 396 F.3d at 116)). At all times the negotiations were at arms' length and free from collusion, and Plaintiff's counsel steadfastly advocated for substantial settlement relief and a streamlined process for distributing payments to Settlement Class Members. Kaufman Decl. ¶ 31.

Moreover, the Settlement is not conditioned on any Fee Award or Service Award. Attorneys' fees and a Service Award will be paid on a similar timeline to Settlement Class Members' payments.

Finally, the Settlement provides an efficient and fair manner for distributing settlement funds to the maximum possible number of Settlement Class Members. Settlement Class Members will have the ability to submit claims for payment by submitting by mail or online a simple claim form that includes their name, address, and telephone number at which they received the calls subject to the Settlement. Each Settlement Class Member that submits an Approved Claim will receive their *pro rata* share of the Settlement Fund after deduction of Settlement Administration Expenses and any Fee Award and Service Award awarded by the Court. Kaufman Decl. ¶ 32.

Based on their evaluation of these factors, Plaintiff and Plaintiff's counsel have determined that the Settlement is in the best interests of Plaintiff and the Settlement Class, who otherwise may have received nothing if this case proceeded. *Id*. ¶ 33.

For all these reasons, the Settlement is well-within the range of reasonableness and is fair and adequate. As a result, it should be approved, and notice should be sent to the Settlement Class.

VI.     **THE NOTICE PROGRAM IS CONSTITUTIONALLY SOUND**

Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement

Rule 23(e)(1) requires the Court to "direct notice in a reasonable manner to all class members who would be bound by" a proposed settlement. Fed. R. Civ. P. 23(e)(1); *see also* MCL Fourth § 21.312. The best practicable notice is that which is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). The Notice program satisfies this standard.

As recited in the Settlement and above, the Notice Program will inform Settlement Class members of the substantive terms of the Settlement. Notices will be sent by mail to any physical mailing addresses identified using third party services.

The mail notice will advise Settlement Class members of their options for remaining part of the Settlement, for objecting to the Settlement, Class Counsel's attorneys' fee application, for opting-out of the Settlement, and for submitting a claim. The Notice Plan is designed to reach a high percentage of Settlement Class Members and exceeds the requirements of Constitutional Due Process.

The proposed forms of notice, attached as Exhibits B and C to the Settlement Agreement, are clear, straightforward, and provide Settlement Class members with enough information to evaluate whether to participate in the settlement. Thus, the Notice Program satisfies the requirements of Rule 23 and due process. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 808 (1985) (settlement notice must provide settlement class members an opportunity to present their objections). The Notice Program constitutes the best notice practicable under the circumstances, provides sufficient notice to the Settlement Class, and fully satisfies the requirements of due process and Rule 23.

VII.    **PROPOSED SETTLEMENT APPROVAL SCHEDULE**

Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement

In connection with Preliminary Approval of the Settlement, the Court should also set a date and time for the Final Approval Hearing. Other deadlines in the Settlement approval process, including the deadlines for requesting exclusion from the Settlement Class or objecting to the Settlement, will be determined based on the date of the Final Approval Hearing or the date on which the Preliminary Approval Order is entered.

Class Counsel propose the following schedule:

| | |
|---|---|
| Settlement Administrator provides Initial Mailed and/or Email Notice to Settlement Class Members | Within thirty (30) days after entry of the Preliminary Approval Order |
| Class Counsel's application for fees, expenses, and costs and a Service Award for Representative Plaintiff | No later than thirty (30) days prior to the Opt-Out Deadline |
| Last day for Settlement Class Members to submit Claim Forms and Opt-Out Deadline | Approximately sixty (60) days after the Notice Date |
| Last day for Class Counsel to file motion in support of Final Approval | At least fifteen (15) days before Final Approval Hearing |
| Final Approval Hearing | Approximately one hundred and twenty (120) days from entry of the Preliminary Approval Order |

## VIII.  CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that the Court grant this Motion and enter the Proposed Order, attached as Exhibit 4, preliminarily approve the parties' proposed Settlement Agreement, and establish a schedule to complete the tasks necessary to effectuate the proposed settlement.

Date: June 9, 2026                              Respectfully submitted,

22

Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement

By: *s/ Anthony I. Paronich*
Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com

Avi R. Kaufman
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*

## LOCAL RULE 7-1(a) CERTIFICATION

Pursuant to L.R. 7-1(a), counsel for Plaintiff conferred with Defendant's counsel by telephone, and are authorized to represent that the motion is unopposed.

By: *s/ Anthony I. Paronich*
Anthony I. Paronich

Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement