## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## EUGENE DIVISION

|  |  |  |
|---|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated, | : : : | CASE NO. 6:24-cv-01956-AA |
| Plaintiff, | : : | |
| v. | : : | |
| PACIFICORP, | : : | |
| Defendant. | : : : | |

This Class Action Settlement Agreement ("Agreement") is made and entered into by and between Representative Plaintiff Chet Michael Wilson ("Representative Plaintiff"), on behalf of himself and the Settlement Class, and Defendant PacifiCorp ("PacifiCorp" or "Defendant"). Representative Plaintiff and PacifiCorp are collectively referred to as the "Parties," and each, individually, as a "Party."  This Agreement is intended by the Parties to settle this action and discharge the Released Claims, as defined below, according to the terms and conditions herein.

## RECITALS

**WHEREAS**, *Chet Michael Wilson v. Pacificorp*, No. 6:24-cv-01956-AA, was filed November 21, 2024, and is currently pending before the Honorable Ann L. Aiken of the U.S. District Court for the District of Oregon (the "Litigation"), alleging Defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*;

**WHEREAS**, Defendant denies each and every one of Representative Plaintiff's allegations of unlawful conduct, damages, or other injuries;

**WHEREAS**, based upon the investigation, and evaluation of the facts and law relating to the matters alleged in the pleadings, motions practice to date, plus the risks and uncertainties of

1

continued litigation and all factors bearing on the merits of settlement, Representative Plaintiff, Defendant, and Class Counsel (as defined below) have agreed to settle the claims asserted in the Litigation pursuant to the provisions of this Settlement;

**WHEREAS**, in an effort to facilitate a resolution of the Litigation, on October 31, 2025, the Settling Parties (as defined below) participated in a mediation with Bradley Winters, Esq. of JAMS, Inc.;

**WHEREAS,** the Parties understand, acknowledge and agree that the execution of this Agreement constitutes the settlement and compromise of the claims that have or could have been asserted in this Litigation.  This Agreement is inadmissible as evidence except to enforce the terms of the Agreement and is not an admission of wrongdoing or liability on the part of any Party to this Agreement;

**NOW THEREFORE**, subject to the Final Approval Order of the Court as required herein and applicable law and rules, the Settling Parties hereby agree, in consideration of the mutual promises and covenants contained herein, that all Released Claims against any Released Parties shall be settled, compromised and forever released upon the following terms and conditions.

<u>**TERMS AND CONDITIONS OF THE SETTLEMENT**</u>

1.    **DEFINITIONS**

1.1    As used herein, the following terms have the meanings set forth below.

1.1.1    "Appeal" means a request for appellate review of any order or judgment of the Court entered in this Litigation, including but not limited to appeals as of right, discretionary appeals, interlocutory appeals, any order reinstating an appeal, and proceedings involving writs of certiorari and/or any proceedings thereon.

1.1.2  "Approved Claim" means a claim that: (a) is received by the Settlement Administrator or postmarked on or before the Claims Deadline; (b) is fully and truthfully completed by a Settlement Class Member with all information requested in the Claim Form, and in accordance with the directions on the Claim Form; (c) is signed by the Settlement Class Member, physically or electronically; and (d) is approved by the Settlement Administrator pursuant to the provisions of this Agreement as a valid claim eligible to receive payment from the Settlement Fund under the Agreement and the Final Approval Order and Judgment.

1.1.3  "CAFA Notice" means the notice of this Settlement to the appropriate federal and state officials, as provided by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and as further described in Paragraph 6.4.

1.1.4  "Claims Deadline" means the date that is approximately sixty (60) days after the Notice Date.

1.1.5  "Claim Form" means the document to be submitted by Settlement Class Members seeking payment pursuant to this Settlement, attached as Exhibit A.

1.1.6  "Class Counsel" means Anthony Paronich of Paronich Law and Avi R. Kaufman of Kaufman P.A.

1.1.7  "Class Settlement Website" means the following internet website that can be found at www.pacificorpTCPAsettlement.com or a substantially similar URL.

1.1.8  "Court" means the U.S. District Court for the District of Oregon.

1.1.9  "Complaint" means the operative complaint in this Litigation at the time the Court enters the Preliminary Approval Order.

1.1.10  "*Cy Pres* Distribution" means monies that may be distributed in connection with the Settlement pursuant to Paragraph 7.7 of this Agreement.  *Cy Pres* will only be distributed for uncashed or undeposited payments or checks and only then if a second

3

distribution to eligible Settlement Class Members is not feasible pursuant to Section 7.7 of this Agreement.

1.1.11 "Defendant" means PacifiCorp.

1.1.12 "Defense Counsel" means Defendant's counsel of record in the Litigation, Markowitz Herbold PC.

1.1.13 "Effective Date" means the first date by which any Judgment entered pursuant to the Agreement becomes Final.

1.1.14 "Fee Award" means the amount of attorneys' fees and reimbursement of expenses that may be awarded by the Court and that will be paid out of the Settlement Fund.

1.1.15 "Final" means one business day following the later of the following events: (i) the expiration of the time to file a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e) has passed without any such motion having been filed; (ii) the expiration of the time in which to file an Appeal of any judgment entered pursuant to this Agreement has passed without any Appeal having been taken; and (iii) the resolution of any such Appeal in a manner that does not reverse or vacate the Judgment and in a manner that permits the consummation of the Settlement substantially in accordance with the terms and conditions of this Agreement. Any proceeding or order, or any Appeal pertaining solely to any request or order regarding the Fee Award will not in any way delay or preclude the Judgment from becoming Final.

1.1.16 "Final Approval Hearing" means the final hearing, held after the Preliminary Approval Order is issued and Settlement Class Members have been given reasonable notice and an opportunity to object or to exclude themselves from the Settlement, at which the Court will determine whether to finally approve the Settlement and to enter Judgment.

1.1.17 "Final Approval Order" means an order, providing for, among other things, final approval of the Settlement.

1.1.18  "Judgment" means the judgment to be entered by the Court in this Litigation pursuant to the Settlement that is consistent with this Agreement in all material respects.

1.1.19  "Litigation" means *Chet Michael Wilson v. Pacificorp*, No. 6:24-cv-01956-AA, which is currently pending before the Honorable Ann L. Aiken of the U.S. District Court for the District of Oregon.

1.1.20  "Notice Date" means the deadline by which to send notice by mail pursuant to the Notice Plan.

1.1.21  "Notice Plan" means the proposed plan of disseminating to Settlement Class Members notice of the proposed Settlement and of the Final Approval Hearing, as approved by the Court.

1.1.22  "Opt-Out Deadline" means the date that is approximately (60) days after the Notice Date.

1.1.23  "Parties" means, collectively, Representative Plaintiff and Defendant.

1.1.24  "Person" means, without limitation, any individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.  "Person" is not intended to include any governmental agencies or governmental actors, including, without limitation, any state Attorney General office.

1.1.25  "Preliminary Approval Order" means an order, providing for, among other things, preliminary approval of the Settlement and dissemination of notice to the Settlement Class according to the Notice Plan.

1.1.26  "Released Claims" means any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever (including "Unknown Claims," as defined below), whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, of every nature and description whatsoever, as of the date of the Preliminary Approval Order, that arise out of or relate in any way to the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA"), the TCPA's implementing regulations, 47 C.F.R. § 64.1200, et seq., the Telemarketing Sales Rule, 16 C.F.R. § 310, et seq. (the "TSR"), any corollary or state laws similar to the TCPA and TSR, or enactment of any other statutory, regulatory or common law claim arising thereunder for calls or text messages transmitted by or on behalf of Defendant between November 21, 2020 and the date of the Preliminary Approval Order.

1.1.27  "Released Parties" means Defendant, as well as any and all of its respective present or past or future heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, sister companies, subsidiaries, divisions, licensors, licensees, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, reinsurers, directors, managing directors, officers, partners, vendors, joint ventures, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations.

1.1.28 "Releasing Parties" means Representative Plaintiff, those Settlement Class Members who do not timely opt out of the Settlement Class, and all of their respective present or past or future heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations.

1.1.29 "Representative Plaintiff" means Plaintiff Chet Michael Wilson.

1.1.30 "Service Award" means the amount paid to the Representative Plaintiff for service as class representative.

1.1.31 "Settlement" means the settlement set forth in this Agreement.

1.1.32 "Settlement Administration Expenses" means the expenses incurred by the Settlement Administrator in providing notice, processing claims, administering the Settlement, and issuing payments to Settlement Class Members. Settlement Administration Expenses shall be paid exclusively from the Settlement Fund.

1.1.33 "Settlement Administrator" means Simpluris Inc.

1.1.34 "Settlement Class" means all persons throughout the United States (1) to whom PacifiCorp placed, or caused to be placed, a call (i) to collect a debt or (ii) concerning returned mail or undeliverable email communications, (2) directed to a number assigned to a cellular telephone service, but not assigned to a person who was a customer of PacifiCorp or in collections with PacifiCorp, (3) in connection with which PacifiCorp used an artificial or prerecorded voice, (4) between November 21, 2020 and the date of the Preliminary Approval

Order.  Plaintiff estimates that there are approximately 14,000 identifiable unique telephone numbers associated with potential members of the Settlement Class.

1.1.35  "Settlement Class Member" means a person who falls within the definition of the Settlement Class and who does not opt out of the Settlement as set forth in Paragraph 9.4.

1.1.36  "Settlement Fund" means a segregated qualified settlement fund as defined and meeting the requirements of and administered in accordance with Section 468B of the Internal Revenue Code of 1986, as amended, and Treasury Regulation Section 1.468B-1, to which Defendant will contribute $850,000.  The Settlement Fund will be non-reversionary and represents Defendant's maximum possible payment.

1.1.37  "Settling Parties" means, collectively, Defendant, Representative Plaintiff, and all Settlement Class Members.

1.1.38  "Unknown Claims" means claims that could have been raised in the Litigation and that any or all of the Releasing Parties do not know or suspect to exist, which, if known by him or her, might affect his or her agreement to release the Released Parties or the Released Claims or might affect his or her decision to agree, object or not to object to the Settlement.  Upon the Effective Date, the Releasing Parties shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Upon the Effective Date, the Releasing Parties also shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory

8

of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code. The Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

1.1.39  The plural of any defined term includes the singular, and the singular of any defined term includes the plural.

## 2.    DENIAL OF WRONGDOING AND LIABILITY

2.1    Defendant denies all the material factual allegations and legal claims asserted by Representative Plaintiff in the Litigation, including any and all charges of wrongdoing or liability arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation.  Further, Defendant maintains that it has strong, meritorious defenses to the claims alleged in the Litigation and that it was prepared to vigorously defend all aspects of the Litigation.

2.2    Defendant's Position on Conditional Certification of the Settlement Class. Defendant disputes that a class would be manageable or that common issues predominate over individual ones, and denies that a litigation class properly could be certified on the claims asserted in the Litigation.  However, solely for purposes of avoiding the expense and inconvenience of further litigation, Defendant does not oppose and hereby agrees to certification of the Settlement Class defined in Paragraph 1.1.34, for settlement purposes only, pursuant to Fed. R. Civ. P. 23(b)(3).  Certification of the Settlement Class for settlement purposes will not be deemed a concession that certification of any litigation class in the Litigation is, or was, appropriate, nor would Defendant be precluded from challenging class certification in further

proceedings in the Litigation or in any other action if the Settlement is not finalized or finally approved. If the Settlement is not finally approved by the Court for any reason whatsoever, the certification of the Settlement Class resulting from this Agreement will be void, and no doctrine of waiver, estoppel or preclusion will be asserted in any proceedings involving Defendant. No agreements made by or entered into by Defendant in connection with the Settlement may be used by Plaintiff, any person in the Settlement Class, or any other person to establish any of the elements of class certification in any litigated certification proceedings, whether in the Litigation, or any other judicial or administrative proceeding or other tribunal.

2.3    Admissibility. Additionally, this Agreement, any negotiations or proceedings related to it, the implementation of it, and any papers submitted in support of the motions for approval of it (collectively, the "Settlement Proceedings") are not to be construed as or deemed to be evidence of any admission or concession by any of the Parties regarding liability, damages, or the appropriateness of class treatment, and are not to be offered or received in evidence in any action or proceeding for any purpose whatsoever; provided, however, that this Agreement and the Settlement Proceedings may be presented to the Court in connection with the implementation or enforcement of this Agreement, or as may be necessary or appropriate to further the purposes sought to be achieved by this Agreement.

3.    **THE BENEFITS OF SETTLEMENT**

3.1    Class Counsel and Representative Plaintiff recognize and acknowledge the expense and length of continued proceedings that would be necessary to prosecute the Litigation against Defendant through trial and appeals. Class Counsel also has taken into account the strength of Defendant's defenses, difficulties in obtaining class certification and proving liability, and the uncertain outcome and risk of the litigation, especially in complex actions such as this one, and the inherent delays in such litigation. Class Counsel believes that the proposed

Settlement confers substantial benefits upon the Settlement Class.  Based on their evaluation of all of these factors, Representative Plaintiff and Class Counsel have determined that the Settlement is in the best interests of Representative Plaintiff and the Settlement Class.

## 4.     SETTLEMENT TERMS

4.1     Settlement Fund.  Defendant will cause to be created a Settlement Fund in the amount of $850,000 for the purpose of making all required payments under this Settlement within fifteen (15) days following the entry of the Preliminary Approval Order.  The Parties agree that Defendant's maximum monetary obligation under this Agreement shall not exceed $850,000.  Upon payment of the full $850,000, Defendant's payment obligations under this Agreement shall be deemed to have been fully satisfied.

4.2     The Settlement Fund shall be a Qualified Settlement Fund (QSF) under Section 468B of the Internal Revenue Code and 26 C.F.R. § 1.468B-1, established pursuant to the Preliminary Approval Order.  The Settlement Administrator shall be the Administrator of the QSF.

4.3     Except as required to pay the Settlement Administrator, no payments or withdrawals whatsoever from the Settlement Fund shall be made unless and until the Final Approval Order and Judgment are Final.

4.4     Payment to Settlement Class Members.

4.4.1     Each Settlement Class Member shall be entitled to submit one claim per telephone number they used or subscribed to for a payment.  Adequate and customary procedures and standards will be used by the Settlement Administrator to prevent the payment of fraudulent claims and to pay only legitimate claims, including, but not limited to, verifying claims with information provided by Defendant where feasible and requiring a unique identifier in connection with all claims.

4.4.2    Each Settlement Class Member who submits an Approved Claim shall be entitled to payment in an amount equivalent to their *pro rata* share of the Settlement Fund on a per telephone number basis after any approved Service Award, Fee Award, and Settlement Administration Expenses are deducted.  Payments will be made directly to Settlement Class Members by the Settlement Administrator.

## 5.    ATTORNEYS' FEES, EXPENSES, AND COSTS AND SERVICE AWARD

5.1    Class Counsel shall apply to the Court for attorneys' fees and documented and reasonable expenses and costs and for a Service Award for Representative Plaintiff.  Class Counsel's application for fees, expenses, and costs and a Service Award for Representative Plaintiff shall be filed no later than thirty (30) days prior to the Opt-Out Deadline.  Any Fee Award and/or Service Award approved by the Court shall be paid solely out of the Settlement Fund and shall not increase Defendant's total financial liability with respect to this Agreement or Settlement.

5.2    In the event the Court approves the Settlement, but declines to award a Fee Award and/or Service Award in the amount requested by Class Counsel, the Settlement will nevertheless be binding on the Parties and the Settlement Class Members.

5.3    Defendant shall have no liability to Class Counsel or any other Person arising from any claim regarding the division of any award of attorneys' fees, expenses, and costs between and among Class Counsel or any other counsel who may claim entitlement to any portion of the Fee Award.

5.4    The Fee Award and Service Award, if approved by the Court, shall be paid by wire transfer from the Settlement Fund no later than sixty (60) days following the Effective Date, provided that the Person being paid has executed a Form W-9 to the Settlement Administrator.

The Fee Award shall be paid from the Settlement Fund, and Defendant shall have no additional obligation to pay for attorneys' fees, costs and/or expenses of any kind.

5.5    The Court shall retain jurisdiction of any dispute regarding the Fee Award and any repayment of any amount of the Fee Award.

6.    **ADMINISTRATION AND NOTICE**

6.1    All costs and expenses of administering the Settlement and providing reasonable notice in accordance with the Preliminary Approval Order shall be paid out of the Settlement Fund, including the cost of CAFA Notice.

6.2    The Settlement Administrator will facilitate the notice process by assisting the Parties in the implementation of the Notice Plan, as well as CAFA Notice.

6.3    Class Settlement Website.

6.3.1    The Settlement Administrator will create and maintain the Class Settlement Website, to be activated within thirty (30) days after Preliminary Approval.  The Settlement Administrator's responsibilities will also include securing an appropriate URL to be agreed upon by the Parties.  The Class Settlement Website will contain information about the Settlement and case-related documents such as the Agreement, the Long-Form Notice in the form attached hereto as Exhibit B, subject to Court modification and/or approval, the Claim Form, the Preliminary Approval Order, Class Counsel's application for a Fee Award and Service Award, and the Complaint.  Settlement Class Members shall have the option to file a claim electronically using the Class Settlement Website.

6.3.2    The Class Settlement Website will terminate (be removed from the internet) and no longer be maintained by the Settlement Administrator thirty (30) days after either (a) the Effective Date or (b) the date on which the Agreement is terminated or otherwise not approved in full, if the Settlement is terminated or otherwise not approved in full.

6.3.3    All costs and expenses related to the Class Settlement Website shall be paid out of the Settlement Fund and Defendant shall have no obligation to pay any additional money for expenses related to the Class Settlement Website.

6.4    CAFA Notice.

6.4.1    The Parties agree that the Settlement Administrator shall serve notice of the Settlement that meets the requirements of CAFA, 28 U.S.C. § 1715, on the appropriate federal and state officials no later than ten (10) days after the filing of this Agreement with the Court.

6.4.2    All costs and expenses related to the CAFA Notice shall be paid out of the Settlement Fund and Defendant shall otherwise have no obligation to pay any additional money for expenses related to the CAFA Notice.

6.4.3    The Settlement Administrator will file a certification with the Court stating the date(s) on which the CAFA Notices were sent.  Each Party will provide the other Party with any substantive responses received in response to any CAFA Notice.

6.5    Notice Plan.

6.5.1    The Notice Plan shall conform to all applicable requirements of the Federal Rules of Civil Procedure, the U.S. Constitution (including the Due Process Clauses), and any other applicable law, and shall otherwise be in the manner and form agreed upon by the Parties and approved by the Court.

6.5.2    The Settlement Administrator will use customary procedures, including third party services, to identify mailing addresses for Settlement Class Members.

6.5.3    Subject to Court approval, within thirty (30) days after the Court enters the Preliminary Approval Order, the Settlement Administrator shall send direct notice substantially in the form of the Summary Notice in Exhibit C, as modified and/or approved by the Court, via

U.S. Postal Service to any Settlement Class Member for which a mailing address is identified. The Settlement Administrator will use customary procedures, including third party services, to identify mailing addresses for Settlement Class Members, including alternate mailing addresses for any Settlement Class Members for whom a mailed notice is returned as undeliverable to promptly remail notice to them.  The Settlement Administrator will also use customary procedures, including a search of the United States Postal Service's National Change of Address database, to update Settlement Class Members' addresses.

## 7.    CLAIMS PROCESS

7.1    Submission of Claims.  To apply for a payment from the Settlement, Settlement Class Members must timely submit by mail or online via the Class Settlement Website a valid Claim Form substantially in the form attached as Exhibit A, as modified and/or approved by the Court, by the Claims Deadline.  All Claim Forms must be submitted to the Settlement Administrator by the Claims Deadline.  To be a valid Claim Form the Claim Form submitted must be fully and truthfully completed and contain all required information, including a unique claimant identifier, and which is signed under penalty of perjury by the claimant and is timely submitted.  Any Claim Form which is not timely submitted shall be denied.  In the event a Settlement Class Member submits a Claim Form by the Claims Deadline but the Claim Form is not complete, then the Settlement Administrator shall give such Settlement Class Member a reasonable opportunity to provide any requested missing information.  For any Settlement Class Member who submits a Claim Form determined by the Settlement Administrator to be incomplete, the Settlement Administrator shall mail and/or email a notice directly to such Settlement Class Member, notifying him or her of the missing information and providing him or her with an opportunity to cure (the "Cure Notice").  Settlement Class Members must cure incomplete claims on or before the Effective Date.

7.2    Claims Processing.  The Settlement Administrator shall apply the terms of this

Agreement and the requirements set forth in the Claim Form, and any Claim Form submitted that

does not meet the requirements of this Agreement is not eligible to be an Approved Claim.  The

Settlement Administrator also shall employ reasonable procedures to screen claims for abuse,

fraud, or duplication, and shall deny Claim Forms where there is evidence of abuse, fraud, or

duplication.  The Settlement Administrator's decisions regarding the Settlement Class Members'

eligibility for a claims payment shall be final.  The Parties, the Released Parties, and their

respective counsel shall have no responsibility or liability whatsoever for the Settlement

Administrator's conduct, omissions, or actions.

7.3    Payment of Claims.  No later than sixty (60) days after the Effective Date, or such

other date as the Court may set, the Settlement Administrator shall issue payment by check or

electronic payment from the Settlement Fund to each Settlement Class Member who has

submitted a valid Claim Form and the Claims Administrator has determined the claim is an

Approved Claim.

7.4    All payments to Settlement Class Members will state on their face that they will

expire and become null and void unless cashed or redeemed within ninety (90) days after the

date of issuance.

7.5    To the extent that any payments to Settlement Class Members expire and become

null and void, the Settlement Administrator shall distribute the funds associated with those

payments on a *pro rata* basis per telephone number to Settlement Class Members who were

issued and cashed or redeemed their initial payments, if doing so is administratively and

economically feasible (i.e., those Settlement Class Members would receive a second distribution

of more than $1 after costs of administration).

7.6     To the extent the amount due in payments to any Settlement Class Member in any single calendar year exceeds $1,999.99 (or as otherwise required by law), the Settlement Class Member will be issued payments totaling $1,999.99 (or as otherwise permitted by law) with a request to complete a Form W-9 electronically through the Settlement Website to receive any additional amounts due.  If the Settlement Class Member does not complete a Form W-9, they will not be issued any additional payment, and any amount associated with the unissued additional payment shall be distributed on a *pro rata* basis per telephone number to Settlement Class Members whose claim the Settlement Administrator has determined to be an Approved Claim and has submitted a completed Form W-9, if necessary.

7.7     Any remaining monies, including to the extent a second distribution is not administratively feasible, shall be paid as *cy pres* to the Oregon Energy Fund, subject to Court approval.  No money remaining in the Settlement Fund shall revert to or otherwise be paid to Defendant.

7.8     No decisions by the Settlement Administrator shall be deemed to constitute a finding, admission, or waiver by Defendant as to any matter of fact, law, or evidence having any collateral effect on any claim hereunder or in any other proceeding or before any other forum or authority.  Further, such decisions shall not be submitted to or admissible in any other proceeding or before any other forum or authority.

## 8.    RELEASES

8.1     Upon the Effective Date, the Releasing Parties will be deemed to have, and by operation of the Judgment will have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties.

8.2     After entering into this Agreement, Representative Plaintiff or Settlement Class Members may discover facts other than, different from, or in addition to, those that they know or

17

believe to be true with respect to the Released Claims.  Representative Plaintiff and Settlement Class Members expressly waive and fully, finally, and forever settle and release any known or unknown, suspected or unsuspected, contingent or noncontingent claim, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such other, different, or additional facts.

8.3 Upon the Effective Date, Representative Plaintiff, and any Settlement Class Member who does not opt out as set forth in Paragraph 9.4 is hereby barred against bringing any action against any of the Released Parties for any of the Released Claims whether directly, indirectly, representatively, or in any other capacity.  Additionally, Representative Plaintiff and Settlement Class Members agree and covenant, and each Settlement Class member will be deemed to have agreed and covenanted, not to sue any of the Released Parties with respect to any of the Released Claims, and agree to be forever barred from doing so, in any court of law, equity, or any other forum.  For the avoidance of doubt, Settlement Class Members are not precluded from addressing, contacting, dealing with, or complying with requests or inquiries from any governmental authorities relating to the issues raised in this Settlement or Litigation.

9.    **APPROVAL PROCESS**

9.1 Court Approval.

9.1.1 Class Counsel shall submit the Agreement together with its Exhibits to the Court and request that the Court grant preliminary approval of the Settlement, issue a Preliminary Approval Order, and schedule a hearing on whether the Settlement should be granted final approval (collectively, "Motion for Preliminary Approval").

9.1.2 In the Motion for Preliminary Approval, Class Counsel shall request that the Court schedule a Final Approval Hearing for a date approximately one hundred twenty (120) days from entry of the Preliminary Approval Order.

9.1.3    The date the Motion for Preliminary Approval is filed is the date by which the Settlement shall be deemed "filed" within the meaning of 28 U.S.C. § 1715.

9.1.4    If the Motion for Preliminary Approval is granted, Class Counsel shall be responsible for asking the Court to grant final approval of the Settlement and to enter a Final Approval Order and Judgment, in accordance with the date set by the Court for the Final Approval Hearing.

9.1.5    If the Court does not enter a Preliminary Approval Order or a Final Approval Order and Judgment or if the Final Approval Order or Judgment is reversed or vacated, by any court, this Agreement shall terminate and be of no force or effect unless the Parties voluntarily agree to modify this Agreement in the manner necessary to obtain Court approval.  If this Agreement is terminated, any portion of the Settlement Fund remaining shall be returned to Defendant.  Notwithstanding any provision of this Agreement, the Parties agree that any decision by any court as to any Fee Award to Class Counsel or Service Award to Representative Plaintiff shall not prevent the Agreement from becoming effective, prevent Final Judgment from being entered, or provide any grounds for termination of the Agreement or the Settlement.

9.2        Procedures for Objecting to the Settlement.

9.2.1    Settlement Class Members shall have the right to appear and show cause if they have any reason why the terms of this Agreement should not be given final approval, subject to each of the sub-provisions contained in this section.  Any objection to this Agreement, including any of its terms or provisions, must be in writing, filed with the Court by mail to, or electronically or in person at, the Wayne L. Morse United States Courthouse 405 East Eighth Avenue, Room 5300, Eugene, Oregon  97401-2706 by no later than the Opt-Out Deadline.  Settlement Class Members may object either on their own or through an attorney hired at their own expense.

19

9.2.2    Any objection regarding or related to the Agreement shall contain a caption or title that identifies it as "Objection to Class Settlement in *Chet Michael Wilson v. Pacificorp*, No. 6:24-cv-01956-AA" and also shall contain the following information: (i) the objector's name, address, and telephone number; (ii) the phone number(s) at which he or she received calls or text messages covered by this Settlement; (iii) the factual basis and legal grounds for the objection; and (iv) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who properly files an appearance with the Court in accordance with the Local Rules).

9.2.3    Any Settlement Class Member who fails to comply with the applicable provisions of the preceding paragraphs concerning their objection shall waive and forfeit any and all rights he or she may have to object, appear, present witness testimony, and/or submit evidence, shall be barred from appearing, speaking, or introducing any testimony or evidence at the Final Approval Hearing, shall be precluded from seeking review of this Agreement by appeal or other means, and shall be bound by all the terms of this Agreement and by all proceedings, orders and judgments in the Litigation.  By filing an objection, objectors and their counsel submit to the jurisdiction of the Court for all purposes, including but not limited to subpoenas and discovery.

9.3    Right to Respond to Objections.

9.3.1    The Parties shall have the right, but not the obligation, to respond to any objection no later than seven (7) days prior to the Final Approval Hearing.  The Party so responding shall file a copy of the response with the Court, and shall serve a copy, by email or overnight delivery, to the objector (or counsel for the objector).

9.4 Opt-Outs.

 9.4.1 Any Settlement Class Member who does not wish to participate in this Settlement must write to the Settlement Administrator stating an intention to be "excluded" from this Settlement. This written request for exclusion must be sent via mail to the Settlement Administrator at the address set forth in the Summary Notice and Long-Form Notice and postmarked no later than the Opt-Out Deadline. A request for exclusion must be signed by the Settlement Class Member, include the Settlement Class Member's name, address, and the phone number(s) at which he or she received calls covered by this Settlement, and clearly state that the Person wishes to be excluded from the Litigation and the Settlement. A request for exclusion that does not include all of this information, or that is sent to an address other than that designated in the notices, or that is not postmarked within the time specified, shall be invalid, and the Person serving such a request shall be a member of the Settlement Class and shall be bound as a Settlement Class Member by the Court's Orders in this Litigation and by this Agreement, if approved. The request for exclusion must be personally signed by the Settlement Class Member. So-called "mass" or "class" opt-outs shall not be allowed and such exclusions shall be deemed invalid. The Settlement Administrator will make the determination of whether a Settlement Class Member's request for exclusion is valid. The Settlement Administrator's decisions regarding the Settlement Class Member's request for exclusion shall be final.

 9.4.2 The Settlement Administrator will retain a copy of all requests for exclusion and will provide copies of any such requests to counsel for the Parties on a weekly basis. Class Counsel will keep any such opt-out information confidential and use it only for purposes of determining whether a person in the Settlement Class has properly opted out. The names of those persons who have properly excluded themselves from the Settlement will be provided to the Court in connection with the motion for final approval of the Settlement.

9.4.3    All Settlement Class Members who did not submit a valid request for exclusion will be bound by all determinations and judgments in the Litigation.  In the event that the number of persons in the Settlement Class who validly and timely submit requests for exclusion exceeds 350, Defendant, following good faith discussions, may terminate the Settlement.

9.4.4    Any Person in the Settlement Class who submits a request for exclusion may not file an objection to the Settlement.  If a Settlement Class Member submits a written request for exclusion pursuant to Paragraph 9.4.1 above, he or she shall be deemed to have complied with the terms of the opt-out procedure and shall not be bound by the Agreement if the Agreement is approved by the Court.

9.4.5    After notice is disseminated and at least fifteen (15) days prior to the Final Approval Hearing, the Parties shall request and seek to obtain from the Court a Final Approval Order and Judgment, which will (among other things):

(i)    find that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject-matter jurisdiction to approve the Agreement, including all exhibits hereto;

(ii)    approve the Agreement and the proposed Settlement as fair, reasonable, and adequate as to, and in the best interests of, Settlement Class Members; direct the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions; and declare the Agreement to be binding on, and have preclusive effect on all pending and future lawsuits or other proceedings maintained by or on behalf of Representative Plaintiff and the Releasing Parties;

(iii)   find that the notice and the Notice Plan implemented pursuant to the Agreement (1) constitute the best practicable notice under the circumstances; (2) constitute notice that is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Litigation, their right to object to or exclude themselves from the proposed Settlement, and to appear at the Final Approval Hearing; (3) are reasonable and constitute due, adequate, and sufficient notice to all Persons entitled to receive notice; and (4) meet all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

(iv)   find that the Class Representatives and Class Counsel adequately represent the Settlement Class for purposes of entering into and implementing the Agreement;

(v)   dismiss the action (including all individual claims and Settlement Class Member claims asserted therein) on the merits and with prejudice, without fees or costs to any Party, except as provided in the Agreement;

(vi)   incorporate the releases set forth above and make those releases effective as of the date of the Final Approval Order and Judgment;

(vii)   forever discharge the Released Parties as set forth herein; permanently bar and enjoin all Settlement Class Members from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction related to the Released Claims; and

(viii)   without affecting the finality of the Final Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary purpose.

## 10.     WITHDRAWAL FROM SETTLEMENT

10.1     If any of the conditions set forth below occurs and either (a) Class Counsel, (b) Representative Plaintiff, or (c) Defendant gives notice that such Party wishes to withdraw from this Agreement (subject to the terms below and herein), then this Agreement shall terminate and be null and void, and the Parties will be returned to the *status quo ante* as if no settlement had been negotiated or entered into:

(i)     Any objections to the proposed settlement are sustained, which results in changes to the Settlement described in this Agreement that the withdrawing Party deems in good faith to be material (e.g., because it increases the cost of settlement or deprives the withdrawing Party of a benefit of the settlement);

(ii)    The Final Approval of the Settlement described in this Agreement results in changes that the withdrawing Party deems in good faith to be material (e.g., because it increases the cost of settlement or deprives the withdrawing Party of a benefit of the settlement);

(iii)   More than 350 of the Settlement Class Members exclude themselves from the Settlement as set out in Paragraph 9.4.3; or

(iv)    The Final Approval of the Settlement described in this Agreement is (i) substantially modified by an appellate court and the withdrawing Party deems any such modification in good faith to be material (e.g., because it

increases the cost of settlement or deprives the withdrawing Party of a benefit of the settlement) or (ii) reversed by an appellate court.

## 11. TAXES

11.1    Settlement Class Members, Representative Plaintiff, and Class Counsel shall be responsible for paying any and all federal, state, and local taxes due on any payments made to them pursuant to the Agreement.

11.2    Qualified Settlement Fund.  The Parties agree that the Escrow Account into which the Settlement Fund is deposited is intended to be a separate taxable entity and is and will at all times constitute a "Qualified Settlement Fund" within the meaning of § 1.468B-1(c) of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of 1986, as amended from time to time.  The Settlement Administrator will timely make such elections as necessary, including if necessary, the "relation back election" (as defined in Treas. Reg. § 1.468B-1(j)(2)) back to the earliest permitted date.  Such elections must be made in compliance with the procedures and requirements contained in such Treasury regulations promulgated under § 1.468B of the Internal Revenue Code of 1986, as amended (the "Code").  It is the responsibility of the Settlement Administrator to cause the timely and proper preparation and delivery of the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

11.3    Settlement Administrator is "Administrator."  For the purpose of § 1.468B of the Code and the Treasury regulations thereunder, the Settlement Administrator must be designated as the "administrator" of the Settlement Fund.  The Settlement Administrator must cause to be timely and properly filed all information and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. § 1.468B-2(k)).  Such returns must reflect that all taxes (including any estimated taxes, interest

or penalties) on the income earned by the Settlement Fund will be paid out of the Settlement Fund.

11.4    Taxes Paid By Administrator.  All taxes arising in connection with income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon Defendant or any of the other Released Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, will be paid by the Settlement Fund.

11.5    Expenses Paid from Fund.  Any expenses reasonably incurred by the Settlement Administrator in carrying out the duties, including fees of tax attorneys and accountants, will be paid from the Settlement Fund.

11.6    Responsibility for Taxes on Distribution.  Any person or entity that receives a distribution from the Settlement Fund will be solely responsible for any taxes or tax-related expenses owed or incurred by that person or entity by reason of that distribution.  Such taxes and tax-related expenses will not be paid from the Settlement Fund.

11.7    Defendant Is Not Responsible.  In no event will Defendant or any of the other Released Parties have any responsibility or liability for taxes or tax-related expenses arising in connection with the payment or distribution of the Settlement Fund to Representative Plaintiff, Settlement Class Members, Class Counsel or any other person or entity.  The Settlement Class Members shall indemnify and hold Defendant and other Released Parties harmless—through the Settlement Fund—for all such taxes and tax-related expenses.

11.8    Defendant shall timely deliver to the Settlement Administrator a "Section 1.468B-3 Statement" (as provided in Treas. Reg Section 1.468B-3(e)) with respect to any transfers made to the Settlement Fund.

11.9    The Settlement Administrator will report to the Internal Revenue Service and such other state and local taxing authorities as may be required by law.  The Parties acknowledge that the Settlement Administrator will comply with all withholding obligations as required under the applicable provisions of the Internal Revenue Code and such other state and local laws as may be applicable, and the regulations promulgated thereunder.  In addition, the Settlement Administrator shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any Settlement Class Member any funds necessary to pay such amounts including the establishment of adequate reserves for any taxes and tax-related expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(l)(2)).  The Parties agree to cooperate with the Settlement Administrator, each other, and their attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Section 11.

11.10   Defendant makes no representation to Representative Plaintiff, Settlement Class Members, Class Counsel or any other person or entity regarding the appropriate tax treatment of the Settlement Fund, income earned on the Settlement Fund, or any distribution taken from the Settlement Fund.

**12.    CONDITIONS FOR EFFECTIVE DATE; EFFECT OF TERMINATION**

12.1    The Effective Date of this Agreement shall be the date the Final Approval Order and Judgment has become Final, as defined in Paragraph 1.1.15.

12.2    Performance of the obligations set forth in this Agreement is subject to all of the following material conditions:

(A)    execution of this Agreement by Defendant, Representative Plaintiff, and Class Counsel;

(B)    the granting of preliminary approval by the Court;

(C)    sending of the notices described herein;

(D)     the granting of final approval of the Agreement by the Court;

(E)     execution and entry of Judgment by the Court consistent with this Agreement in all material respects; and

(F)     the occurrence of all other circumstances necessary for the Effective Date to arise.

12.3     The Parties hereby covenant and agree to cooperate reasonably and in good faith for the purpose of achieving occurrence of the conditions set forth above, including, without limitation, timely filing of all motions, papers and evidence necessary to do so.  Class Counsel represent and warrant that they have authority to take all such actions required of them pursuant to this Agreement, and that by doing so they are not in breach or violation of any agreement with Representative Plaintiff or any third party.

12.4     If this Agreement is not approved by the Court or the Settlement is terminated or fails to become effective in accordance with the terms of this Agreement, the Settling Parties will be restored to their respective positions in the Litigation as of February 24, 2026.  In such event, the terms and provisions of this Agreement will have no further force and effect with respect to the Settling Parties and will not be used in this Litigation or in any other proceeding for any purpose.

12.5     The Parties agree to request a stay of the Litigation pending preliminary approval of the Settlement.

## 13.    MISCELLANEOUS PROVISIONS

13.1     Cooperation of the Parties.  The Parties acknowledge that it is their intent to consummate this Agreement, and they agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of this Agreement.  The Parties agree that they will not solicit, facilitate, or assist in any way, requests for exclusions or objections by

28

putative or actual Settlement Class Members, and will refrain from causing or encouraging directly or indirectly any appeal or petition for writ proceedings by third parties seeking review of any order contemplated by this Agreement.  Class Counsel recognize that they have an obligation to support the Settlement and to seek the Court's approval of its terms.  Class Counsel will abide by all applicable and governing ethical rules, opinions, and obligations precluding their representation of Settlement Class Members who have filed valid requests for exclusion from the Settlement.  If the Court suggests any modifications to the Agreement or conditions entry of the Preliminary Approval Order, Final Approval Order, or Judgment on modifications to the Settlement, the Parties shall, working in good faith and consistent with the Settlement, endeavor to address any such concerns identified by the Court.

13.2    Resolution of Dispute without Admission.  The Parties intend the Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation.  The Settlement covers claims that are contested and will not be deemed an admission by any Settling Party as to the merits of any claim or defense.

13.3    Use In Subsequent Proceedings.  Neither this Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement, is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims, or of any claim of wrongdoing or liability of Defendant; or is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Defendant in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal.  Any party to this Litigation may file this Agreement and/or the Judgment in any action that may be brought against it in order to support any defense or counterclaim, including without limitation those based on principles of *res judicata*, collateral

estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.4    Confidential Information.  All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information will survive this Agreement.

13.5    Incorporation of Exhibits.  Any and all Exhibits to this Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

13.6    Modification.  This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

13.7    Integration.  This Agreement and any Exhibits attached hereto constitute the entire agreement among the Parties, and no representations, warranties, or inducements have been made to any Party concerning this Agreement or its Exhibits other than the representations, warranties, and covenants covered and memorialized in such documents.  Except as otherwise provided herein, the Parties will bear their own respective costs.

13.8    Class Counsel's Authority.  Class Counsel, on behalf of the Settlement Class, are expressly authorized by Representative Plaintiff to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to this Agreement to effectuate its terms, and are expressly authorized to enter into any modifications or amendments to this Agreement on behalf of the Settlement Class.

13.9    Parties' Authority.  Each counsel or other Person executing this Agreement or any of its Exhibits on behalf of any Party hereby warrants that such Person has the full authority to do so.

13.10   Receipt of Advice of Counsel.  Each Party acknowledges, agrees, and specifically warrants that he, she, or it has fully read this Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering this Agreement and

the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases. Each Party to this Agreement warrants that he, she, or it is acting upon his, her, or its independent judgment and upon the advice of his, her, or its own counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other party, other than the warranties and representations expressly made in this Agreement.

13.11   Counterparts. This Agreement may be executed in one or more counterparts. All executed counterparts and each of them will be deemed to be one and the same instrument.

13.12   No Prior Assignments. Representative Plaintiff and Class Counsel represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

13.13   Binding on Assigns. This Agreement will be binding upon, and inure to the benefit of, the successors and assigns of the Parties and the Settlement Class Members.

13.14   Interpretation. None of the Parties, or their respective counsel, will be deemed the drafter of this Agreement or its Exhibits for purposes of construing the provisions thereof. The language in all parts of this Agreement and its Exhibits will be interpreted according to its fair meaning, and will not be interpreted for or against any of the Parties as the drafter thereof.

13.15   Change of Time Periods. The time periods and/or dates described in this Agreement with respect to the giving of notices and hearings are subject to approval and change by the Court or by written agreement of Class Counsel and Defense Counsel and as approved by the Court, without notice to Settlement Class Members. The Parties reserve the right, by

agreement and subject to the Court's approval, to grant any reasonable extension of time that might be needed to carry out any of the provisions of this Agreement.

13.16    Governing Law.  This Agreement and any Exhibits hereto will be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Oregon without giving effect to that State's choice-of-law principles.

13.17    The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

13.18    No Waiver.  The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

13.19    Publicity and Confidentiality.  Neither the Parties nor their counsel will initiate any public statement intended to be disseminated through the press, internet, television, radio, or other media that includes an opinion or editorial comment about the effect of the Settlement or the merits of any Parties' positions in the Litigation.  This provision does not apply to any communications between any Settlement Class member and Class Counsel or any communications with the Court.

13.20    Notices.  All notices to counsel provided for herein shall be sent by email with a hard copy sent by overnight mail to:

| *As to Representative Plaintiff and the Settlement Class*: | *As to PacifiCorp*: |
|---|---|
| KAUFMAN P.A.<br>Avi R. Kaufman<br>kaufman@kaufmanpa.com<br>237 S Dixie Hwy, 4th Floor<br>Coral Gables, FL  33133 | MARKOWITZ HERBOLD PC<br>Dallas DeLuca<br>dallasdeluca@markowitzherbold.com<br>1455 SW Broadway, Suite 1900<br>Portland, OR  97201 |

IN WITNESS WHEREOF, the Parties have executed this Agreement dated as of June 8,
2026.

_Karen Kruse_
Defendant PacifiCorp

_____
Representative Plaintiff Chet Michael Wilson

_____
Class Counsel

IN WITNESS WHEREOF, the Parties have executed this Agreement dated as of June $\underline{08}$ ,

2026.

_____
Defendant PacifiCorp

_____
Representative Plaintiff Chet Michael Wilson

_____
Class Counsel

33

# EXHIBIT A

## CLAIM FORM

| Section I - Instructions |
|---|

**This Form must be received by the Settlement Administrator no later than [Month] [Day], [Year].**

This Claim Form may be submitted in one of two ways:

1. Electronically through www.[xxx].com.

2. Mail to: *PacifiCorp TCPA Settlement,* c/o ___, [Address], [City] [State], [Zip Code].

To be effective as a Claim under the proposed settlement, this form must be completed, signed, and submitted, as outlined above, **no later than [Month] [Day], [Year].** If this Form is not postmarked or submitted by this date, you will remain a member of the Class but will not receive any payment from the Settlement.

If you received a notice regarding the Settlement by mail, the notice includes your Claimant Identification Number, which is required to make a Claim. If you do not have a Claimant Identification Number, you can request one by contacting the Settlement Administrator via email to [xxx]@[xxx].com or by calling ###-###-####.

| Section II - Class Member Information |
|---|

**Claimant Name (Required):**

**Claimant Identification Number (Required):**

**Current Contact Information**

**Street Address (Required):**

**City (Required):**          **State (Required):**          **Zip Code (Required)**

**Email (Optional):**

**Preferred Phone Number (Required):**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|

*Your contact information will be used by the Settlement Administrator to contact you, if necessary, about your Claim. Provision of your email address is optional. By providing contact information, you agree that the Settlement Administrator may contact you about your Claim.*

## Section III – Confirmation of Class Membership

Cellular telephone number(s) you are associated with to determine if it is within the unique telephone numbers related to the Settlement Class Members:

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|

## Section IV – Election of Payment

Please select your preferred method of payment for any approved Claim:

_____ Check mailed to the address identified above in Section II

Alternatively, to elect an electronic payment, you must submit your claim electronically through www.[xxx].com.

## Section V – Required Affirmations

IF SUBMITTED ELECTRONICALLY:

☐ **I agree that, by submitting this Claim Form, the information in this Claim Form is true and correct to the best of my knowledge. I understand that my Claim Form may be subject to audit, verification, and Court review. I am aware that I can obtain a copy of the full notice and Settlement Agreement at www.[xxxx].com or by writing the Settlement Administrator at the email address [xxxx]@[xxxx].com or the postal address [Address], [City], [State] [Zip Code]. Checking this box constitutes my electronic signature on the date of its submission.**

IF SUBMITTED BY U.S. MAIL:

**I agree that, by submitting this Claim Form, the information in this Claim Form is true and correct to the best of my knowledge. I understand that my Claim Form may be subject to audit, verification, and Court review. I am aware that I can obtain a copy of the full notice and Settlement Agreement at www.[xxxx].com or by writing the Settlement Administrator at the email address [xxxx]@[xxxx].com or the postal address [Address], [City], [State] [Zip Code].**

Dated:_____          Signature: _____

## EXHIBIT B

United States District Court for the District of Oregon

**If You Received a Prerecorded Debt Collection or Returned Mail / Email Call from PacifiCorp to Your Cellular Phone Number and Were Not a Pacific Power or Rocky Mountain Accountholder You May Be Entitled to a Payment from a Class Action Settlement.**

*A FEDERAL COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.*

- A Settlement with a $850,000 cash fund has been reached in a class action lawsuit claiming that PacifiCorp ("Defendant") made prerecorded debt collection calls to the cellular telephone numbers of persons who were not PacifiCorp accountholders in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227. Defendant denies the allegations in the lawsuit and the Court has not decided who is right.

- If you are a Settlement Class Member, your legal rights are affected whether you act or do not act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| DO NOTHING | If you do nothing, you will not receive a payment from the Settlement Fund and will give up your right to bring your own lawsuit against Defendant about the claims in this case. |
| MAKE A CLAIM | You may make a claim to receive a payment from the Settlement Fund. |
| EXCLUDE YOURSELF | You may request to be excluded from the Settlement. If you do, you will not receive a payment from the Settlement Fund but will not give up your right to bring your own lawsuit against Defendant about the claims in this case. |
| OBJECT | Write to the Court if you do not like the Settlement. |
| GO TO A HEARING | Ask to speak in Court about the fairness of the Settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still must decide whether to approve the Settlement. If it does, and after any appeals are resolved, payments will be distributed as specified. Please be patient.

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION...................................................................................................PAGE 3
      1. Why is there a notice?
      2. What is this litigation about?
      3. What is the Telephone Consumer Protection Act?
      4. Why is this a class action?
      5. Why is there a settlement?

WHO IS PART OF THE SETTLEMENT.........................................................................PAGE 4
      6. Who is included in the Settlement?
      7. What if I am not sure whether I am included in the Settlement?

THE SETTLEMENT BENEFITS.......................................................................................PAGE 4
      8. What does the Settlement provide?
      9. When will I receive my payment?

EXCLUDING YOURSELF FROM THE SETTLEMENT............................................................PAGE 5
      10. How do I get out of the Settlement?
      11. If I do not exclude myself, can I sue Defendant for the same thing later?
      12. What am I giving up to stay in the Settlement Class?
      13. If I exclude myself, can I still get a payment?

THE LAWYERS REPRESENTING YOU.......................................................................PAGE 6
      14. Do I have a lawyer in the case?
      15. How will the lawyers be paid?

OBJECTING TO THE SETTLEMENT.............................................................................PAGE 6
      16. How do I tell the Court I do not like the Settlement?
      17. What is the difference between objecting and asking to be excluded?

THE FINAL APPROVAL HEARING.............................................................................PAGE 7
      18. When and where will the Court decide whether to approve the Settlement?
      19. Do I have to attend the hearing?
      20. May I speak at the hearing?

IF YOU DO NOTHING.................................................................................................PAGE 8
      21. What happens if I do nothing at all?

GETTING MORE INFORMATION.................................................................................PAGE 8
      22. How do I get more information?

## BASIC INFORMATION

| **1.  Why is there a notice?** |
|---|

A Court authorized this notice because you have a right to know about a proposed Settlement of a class action lawsuit known as *Chet Michael Wilson v. Pacificorp*, No. 6:24-cv-01956-AA, and about all of your options before the Court decides whether to give Final Approval to the Settlement. This notice explains the lawsuit, the Settlement, and your legal rights.

Judge Ann Aiken of the U.S. District Court for the District of Oregon is overseeing this case. The person who sued, Chet Michael Wilson, is called the "Plaintiff." PacifiCorp, which does business as Pacific Power and Rocky Mountain Power, is called the "Defendant".

| **2.  What is this litigation about?** |
|---|

The lawsuit alleges that Defendant made prerecorded debt collection calls to cellular telephone numbers of persons who were not PacifiCorp accountholders in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227("TCPA"); and seeks statutory damages under the TCPA on behalf of the named Plaintiff and a class of individuals in the United States.

Defendant denies each and every allegation of wrongdoing, liability and damages that were or could have been asserted in the litigation, and that the claims in the litigation would be appropriate for class treatment if the litigation were to proceed through trial.

The Plaintiff's Complaint, Settlement Agreement and other case-related documents are posted on the website, www.XXX.com. The Settlement resolves the lawsuit. The Court has not decided who is right.

| **3.  What is the Telephone Consumer Protection Act?** |
|---|

The Telephone Consumer Protection Act (commonly referred to as the "TCPA") is a federal law that restricts, among other things, unsolicited prerecorded calls to cellular telephone numbers. The Plaintiff here alleged that Defendant made prerecorded calls to his cellular telephone number without consent in violation of the TCPA.

| **4.  Why is this a class action?** |
|---|

In a class action, one person called the "Class Representative" (in this case, Chet Michael Wilson) sues on behalf of itself and other entities and people with similar claims.

All of the people who have claims similar to the Plaintiff's claims and are associated with the unique telephone numbers identified are members of the Settlement Class, except for those which exclude themselves.

| **5.  Why is there a settlement?** |
|---|

The Court has not found in favor of either Plaintiff or Defendant. Instead, both sides have agreed to a Settlement. By agreeing to the Settlement, the parties avoid the costs and uncertainty of a trial, and if the Settlement is approved by the Court, Settlement Class Members who submit valid claims will receive the Settlement's benefits described in this notice. Defendant denies all legal claims in this case. Plaintiff and its lawyers think the proposed Settlement is best for everyone who is affected.

## WHO IS PART OF THE SETTLEMENT

**6.  Who is included in the Settlement?**

The Settlement includes: all persons throughout the United States (1) to whom PacifiCorp placed, or caused to be placed, a call (i) to collect a debt or (ii) concerning returned mail or undeliverable email communications, (2) directed to a number assigned to a cellular telephone service, but not assigned to a person who was a customer of PacifiCorp or in collections with PacifiCorp, (3) in connection with which PacifiCorp used an artificial or prerecorded voice, (4) between November 21, 2020 and the date of the Preliminary Approval Order.

Excluded from the Settlement Class are (1) the Judges presiding over this action and members of their families; (2) the Defendant, Defendant's respective agents, subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and its current or former officers and directors; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any such excluded person(s).

**7.  What if I am not sure whether I am included in the Settlement?**

If you are not sure whether you are in the Settlement Class, or have any other questions about the Settlement, you may (1) visit the Settlement Website at www.XXX.com, (2) contact the Settlement Administrator at PO Box XXXX, City, State XXXXX-XXXX, email address, or telephone number, or (3) contact Class Counsel at info@kaufmanpa.com or 305-469-5881.

## THE SETTLEMENT BENEFITS

**8.  What does the Settlement provide?**

Defendant has agreed to pay $850,000.00 to create a cash Settlement Fund. The Settlement Fund will be used to pay all Settlement Administration Expenses, a Fee Award, and a Service Award. The remaining funds will be distributed on a pro rata basis to Settlement Class Members who timely submit a valid claim.

**9.  When will I receive my payment?**

Payments to Settlement Class Members will be made only after the Court grants Final Approval to the Settlement and after any appeals are resolved (*see* "Final Approval Hearing" below).  If there are appeals, resolving them can take time. Please be patient.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want benefits from the Settlement, and you want to keep the right to sue or continue to sue Defendant on your own about the legal issues in this case, you must take steps to get out of the Settlement. This is called excluding yourself – or it is sometimes referred to as "opting-out" of the Settlement Class.

**10. How do I get out of the Settlement?**

To exclude yourself from the Settlement, you must send a timely letter by mail to:

Settlement Administrator

PO Box XXXX City, State
XXXXX-XXXX

Your request to be excluded from the Settlement must be personally signed by you, include your name, address, and the telephone number at which you received calls covered by the Settlement, and contain a statement that indicates your desire to be "excluded from the Settlement Class." Absent excluding yourself or "opting-out" you are otherwise a member of the Settlement Class.

**QUESTIONS? VISIT www.XXX.com**

Your exclusion request must be postmarked no later than **Month Day, 2026** ("the Opt-Out Deadline"). You cannot ask to be excluded by phone, by email, or at the website.

You may opt-out of the Settlement Class only for yourself.

**11.** If I do not exclude myself, can I sue the Defendant for the same thing later?

No. Unless you exclude yourself, you give up the right to sue Defendant for the claims that the Settlement resolves. You must exclude yourself from this Settlement Class in order to pursue your own lawsuit.

**12.** What am I giving up to stay in the Settlement Class?

Unless you opt-out of the Settlement, you cannot sue or be part of any other lawsuit against Defendant about the issues in this case, including any existing litigation, arbitration, or proceeding. Unless you exclude yourself, all of the decisions and judgments by the Court will bind you.

The Settlement Agreement is available at www.XXX.com. The Settlement Agreement provides more detail regarding the release and describes the Released Claims with specific descriptions in necessary, accurate legal terminology, so read it carefully. You can talk to the law firms representing the Class listed in Question 14 for free or you can, at your own expense, talk to your own lawyer if you have any questions about the Released Claims or what they mean.

**13.** If I exclude myself, can I still get a payment?

No.  You will not get a payment from the Settlement Fund if you exclude yourself from the Settlement.

## THE LAWYERS REPRESENTING YOU

**14.** Do I have a lawyer in the case?

The Court has appointed the following lawyers as "Class Counsel" to represent all members of the Settlement Class.

Anthony Paronich
PARONICH LAW

Avi R. Kaufman
KAUFMAN P.A.

You will not be charged for these lawyers. If you want to be represented by another lawyer, you may hire one to appear in Court for you at your own expense.

**15.** How will the lawyers be paid?

Class Counsel intend to request up to one-third of the value of the Settlement for attorneys' fees, plus reimbursement of reasonable, actual out-of-pocket costs and expenses incurred in the litigation. The fees and expenses awarded by the Court will be paid out of the Settlement Fund. The Court will decide the amount of fees and expenses to award.

Class Counsel also will request that a service award not to exceed $5,000 be paid from the Settlement Fund to the Class Representative for his service as representative on behalf of the whole Settlement Class.

## OBJECTING TO THE SETTLEMENT

**16.** How do I tell the Court if I do not like the Settlement?

If you are a Settlement Class Member (and do not exclude yourself from the Settlement Class), you can object to any part of the Settlement. To object, you must timely submit a letter containing a caption or title that identifies it as "Objection to Class Settlement in *Chet Michael Wilson v. Pacificorp*, No. 6:24-cv-01956-AA," and also contain the following information: (i) your name, address, and telephone number; (ii) the phone number(s) at which you received calls covered by this Settlement; (iii) the factual basis and legal grounds for the objection; and (iv) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who properly files an appearance with the Court in accordance with the Local Rules).

If you wish to object, you must file your objection with the Court by mail to, or electronically or in person at, Wayne L. Morse United States Courthouse 405 East Eighth Avenue, Room 5300, Eugene, Oregon 97401-2706 by no later than the Opt-Out Deadline. Settlement Class Members may object either on their own or through an attorney hired at their own expense.

**17.** What is the difference between objecting and asking to be excluded?

Objecting is telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you do not exclude yourself. Excluding yourself is telling the Court that you do not want to be part of the Settlement. If you exclude yourself, you have no basis to object to the Settlement because it no longer affects you.

## THE FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the Settlement and any requests for fees and expenses ("Final Approval Hearing").

**18.** When and where will the Court decide whether to approve the settlement?

The Court has scheduled a Final Approval Hearing on **[DATE] at [TIME]**, at the _____ [LOCATION]. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check www.XXX.com for updates. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will also consider the requests by Class Counsel for attorneys' fees, costs, and expenses. If there are objections, the Court will consider them at that time. After the hearing, the Court will decide whether to approve the Settlement. It is unknown how long these decisions will take.

**19.** Do I have to attend the hearing?

No. Class Counsel will answer any questions the Court may have. But, you are welcome to attend the hearing at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you submitted your written objection on time, to the proper addresses, and it complies with all the other requirements set forth above, the Court will consider it. You also may pay your own lawyer to attend the hearing, but it is not necessary.

**20.** May I speak at the hearing?

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must submit a timely objection and include a statement of whether you intend to appear at the Final Approval Hearing.

You cannot speak at the hearing if you exclude yourself from the Settlement

**IF YOU DO NOTHING**

**21.** What happens if I do nothing at all?

If you do nothing, you will not receive a payment from the Settlement Fund and will give up your right to bring your own lawsuit against Defendant about the claims in this case.

**GETTING MORE INFORMATION**

**22.** How do I get more information?

This notice summarizes the proposed Settlement. You are urged to review more details in the Settlement Agreement. For a complete, definitive statement of the Settlement terms, refer to the Settlement Agreement at www.XXX.com. If you have any questions, you also may contact the Settlement Administrator at PO Box XXXX, City, State XXXXX-XXXX, email address, or telephone number, or contact Class Counsel at info@kaufmanpa.com or 305-469-5881.

# EXHIBIT C

United States District Court for the District of Oregon

**If You Received a Prerecorded Debt Collection or Returned Mail / Email Call from PacifiCorp to Your Cellular Phone Number and Were Not a Pacific Power or Rocky Mountain Accountholder You May Be Entitled to a Payment from a Class Action Settlement.**

*A FEDERAL COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.*

A Settlement with a $850,000 cash fund has been reached in a class action lawsuit claiming that PacifiCorp, which does business as Pacific Power and Rocky Mountain Power ("Defendant") made prerecorded calls to cellular telephone numbers of persons who were not PacifiCorp accountholders in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227. Defendant denies the allegations in the lawsuit and the Court has not decided who is right.

**Who's Included?** You received this notice because records produced in the Litigation show that you may be a Settlement Class Member. The Settlement includes all persons throughout the United States (1) to whom PacifiCorp placed, or caused to be placed, a call (i) to collect a debt or (ii) concerning returned mail or undeliverable email communications, (2) directed to a number assigned to a cellular telephone service, but not assigned to a person who was a customer of PacifiCorp or in collections with PacifiCorp, (3) in connection with which PacifiCorp used an artificial or prerecorded voice, (4) between November 21, 2020 and the date of the Preliminary Approval Order.

**What Are the Settlement Terms?** Defendant has agreed to pay $850,000 to create a fund that will be used to (1) pay persons who submit valid claims, (3) pay the costs of providing notice and administering the settlement, (3) pay a service award to the Representative Plaintiff for the Settlement Class for its service on behalf of the Settlement Class, and (4) pay Class Counsel's attorneys' fees, costs, and expenses incurred in the litigation.

**How can I get a Payment?** By completing the Claim Form available online on the Class Settlement Website, www.xxxxxTCPAsettlement.com, or by downloading a Claim Form from the Class Settlement Website and submitting it by U.S. Mail to the Settlement Administrator at **[address]**. If you send in a Claim Form by regular mail, it must be postmarked on or before **DATE**. If you file a Claim Form online it must be completed and submitted by **11:59 p.m. PST on DATE**.

**What are my other Options?** If you do not want to be legally bound by the Settlement, you must exclude yourself by **Month DD, 2026**. If you do not exclude yourself, you will release any claims you may have, as more fully described in the Settlement Agreement, available at the Settlement website. You may object to the Settlement by **Month DD, 2026** by timely complying with the objection procedures detailed in the Preliminary Approval Order. The Long Form Notice available on the Settlement Class Website explains how to exclude yourself or object. The Court will hold a Final Approval Hearing on **Month DD, 2026 at [location]** to consider whether to approve the Settlement, a request for a service award of up to $5,000 for the Representative Plaintiff, and a request for attorneys' fees of up to one-third of the Settlement Fund as well as reasonable costs and expenses incurred in the litigation. You may appear at the hearing, either yourself or through an attorney hired by you, but you don't have to. For more information, call or visit the website.

www.XXX.com // The Settlement Administrator, [TELEPHONE NUMBER], [ADDRESS]

2452283.5