**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION**

| | | |
|---|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated, | : | CASE NO. 6:24-cv-01956-AA |
| | : | |
| Plaintiff, | : | **DECLARATION OF AVI R. KAUFMAN** |
| | : | |
| v. | : | |
| | : | |
| PACIFICORP d/b/a PACIFIC POWER IN OREGON | : | |
| | : | |
| Defendant. | : | |
| | / | |

Avi R. Kaufman declares as follows:

1.      I am one of the attorneys designated as Class Counsel for Plaintiff under the Settlement Agreement. I submit this declaration in support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement. Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration and could testify competently to them if called upon to do so.

2.      This proposed class action brought under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 (the "Agreement" or "Settlement") arising from robocalls calls made by Defendant to collect a debt, but, due to the transient nature of cellular telephone numbers, were in fact made numbers not assigned to a person with an account in collections with PacifiCorp – *i.e.*, "wrong number" calls.

3.      The Agreement, which is subject to this Court's approval, creates a non-reversionary common fund of $850,000 for the benefit of Plaintiff and proposed class members. This amounts to approximately $60 before claims for each of the 14,000 potential Settlement Class Members, all of whom have been identified by Defendant's records.

4.      The parties reached the Agreement after more than 15 months of contentious

litigation, which included significant informal and formal discovery, extensive conferrals regarding written discovery requests, and expert discovery. By the time the parties finalized the Agreement, they were well aware of the strengths and weaknesses of their respective positions and the risks associated with pursuing this TCPA case through class certification and trial.

5.    In addition, to discuss settlement, the parties engaged in a full-day mediation session with mediator Bradley A. Winters of JAMS, Inc. While the parties did not settle at mediation, they continued discussions with the assistance of Mr. Winters before ultimately reaching an agreement.

6.    On November 21, 2024, Plaintiff Chet Michael Wilson filed a complaint against Defendant Pacificorp in this action asserting that Defendant violated the TCPA by making unsolicited prerecorded calls to cellular telephone numbers. Defendant moved to dismiss the complaint and strike the class allegations. ECF 16. Plaintiff filed an amended complaint in response. ECF 17. On January 29, 2025, Defendant filed a motion to dismiss the amended complaint. ECF 19. The parties fully briefed the motion. On September 30, 2025, the Court granted the motion to dismiss Plaintiff's request for injunctive relief with leave to amend. On October 1, 2025, Plaintiff filed his second amended complaint. ECF 30. On October 15, 2026, Defendant answered the complaint. ECF 33.

7.    Since inception, Plaintiff diligently pursued investigation and discovery. Plaintiff served extensive written discovery requests on Defendant. Defendant responded to discovery, and the parties engaged in lengthy meet and confers. Plaintiff also responded to Defendant's written discovery requests.

8.    On October 31, 2025, the parties participated in an all-day mediation with Bradley Winters, Esq. with JAMS, Inc. Although the parties did not reach a resolution at mediation, the parties continued settlement discussions with Mr. Winters's assistance in the months following mediation, and, ultimately, reached an agreement for the framework of a class-wide resolution. The parties worked over the following months to reach a formal written class settlement agreement.

Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement

9.     The Parties recognize and acknowledge the expense and length of continued proceedings that would be necessary to prosecute the Litigation against Defendant through trial and appeals. Class Counsel also has taken into account Defendant's financial capacity, the risk of a change in TCPA law, the difficulties in obtaining class certification, and the risk that, even if successful at trial, the Settlement Class Members could ultimately recover only a *de minimis* amount.

10.     Class Counsel believe that the proposed Settlement is an excellent result for the Settlement Class, exceeding the per class member monetary amounts of settlements in substantively similar TCPA cases. Based on their evaluation of all of these factors, Plaintiff and Class Counsel have determined that the Settlement is in the best interests of Plaintiff and the Settlement Class.

11.     Class Counsel believe that the proposed Settlement confers substantial and immediate benefits upon the Settlement Class whereas continued and protracted litigation might ultimately deliver none. Based on their evaluation of all these factors, Plaintiff and Class Counsel have determined that the Settlement is in the best interests of the Plaintiff and the Settlement Class.

12.     The anticipated administration costs are $75,000. Those costs are reasonable compared to the size of the Settlement Fund and in light of the costs for providing direct notice by mail and transmitting settlement payments to Settlement Class Members who submit valid claims.

13.     Each Settlement Class Member who submits an Approved Claim shall be entitled to payment in an amount equivalent to their *pro rata* share of the Settlement Fund after any approved Service Award, Fee Award, and Settlement Administration Expenses are deducted. Agreement at § 4.3.2. Payments will be made directly to Settlement Class Members by the Settlement Administrator and are anticipated to be more than $150 each.

14.     There are approximately 14,000 identifiable unique telephone numbers associated with potential members of the Settlement Class who were called on their cellular numbers using an artificial or prerecorded voice, and that have been identified by Defendant's records.

15.     Common questions in this case are dispositive and apply equally to all class

Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement

members. There are multiple questions of law and fact – centering on Defendant's use of artificial or prerecorded voice calls to collect debts – that are common to the Settlement Class, that are alleged to have injured all Settlement Class members in the same way, and that would generate common answers. And the common questions can also be resolved using common legal analysis given the uniformity of the law applicable to these questions to all Settlement Class Members—the TCPA and its implementing regulations.

16.    Plaintiff's and Settlement Class members' claims arise from the same course of events: calls placed by Defendant using an artificial or prerecorded voice to collect debts to cellular phone numbers for persons who did not owe a debt (or had returned mail/email) to Defendant. Plaintiff and proposed Settlement Class members all seek the same statutory damages for these calls pursuant to the same legal theory.

17.    Plaintiff's interests in this litigation are aligned with those of the class: all seek the same recovery for the same type of unlawful calls that they received in the same manner for the same reason pursuant to the same federal statute that provides them the same measure of statutory damages.

18.    This case is particularly well-suited for class treatment. The central issues in this case center on Defendant's collection practices, including its artificial or prerecorded voice calls to cellular telephone numbers. A trial would focus on the common evidence necessary to resolve the common issues driving the determination of Defendant's liability as to all Settlement Class Members.

19.    Here, class members have little economic incentive to sue individually, there are no existing individual lawsuits, and judicial efficiency is best served by adjudicating all claims in one proceeding.

20.    Class Counsel have extensive experience and expertise prosecuting complex class actions, and are particularly experienced in the litigation, certification, and settlement of nationwide TCPA class action cases.

21.    Since 2008, the attorneys of Kaufman P.A. have worked on consumer class action

Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement

cases. To date, not including this Settlement, Kaufman P.A. has recovered over $150 million through TCPA class action settlements for the benefit of consumers. Kaufman P.A.'s attorneys have also successfully recovered millions of dollars in settlements and judgments for plaintiffs in breach of contract actions in the media, real estate, fashion, healthcare, telecommunications, and banking industries.

22.    I have a degree in government from Harvard University and a JD from Georgetown University Law Center, and have been practicing law for over ten years.  For more than five years after graduation, I was a litigation associate at the law firm of Carlton Fields in its national class action and commercial litigation practice groups.  During that time, I represented plaintiffs and defendants in various types of individual and class litigation, including securities and TCPA class actions.  In 2016, I joined the law firm of Kopelowitz Ostrow Ferguson Weiselberg Gilbert as a partner to work exclusively on consumer class actions. From 2016 until January 2018, when I departed KOFWG to start my own law firm, I represented plaintiffs in class actions arising from products defects, false advertising, and TCPA violations, including as lead counsel in a TCPA class action against CITGO Petroleum Corp. that settled for $8.3 million in 2017.

23.    I am a member of the Florida bar, and am admitted to practice in all federal district courts in Florida and in the Eleventh Circuit.  I am also admitted to practice in the Third Circuit, Eastern District of Wisconsin, Eastern District of Michigan, Northern District of Illinois, District of Colorado, Western District of Arkansas, and the Central District of Illinois.

24.    Rachel E. Kaufman, Esq. has degrees in communications and philosophy from Northwestern University and a JD from Boston University School of Law. Prior to joining Kaufman P.A., Rachel worked at Lash & Goldberg in its commercial litigation practice and Epstein, Becker & Green in its class action, commercial litigation, and healthcare practices. Rachel is a member of the California, Florida, and Washington, D.C. bars. Rachel is also admitted to practice in all federal district courts in California, the Southern and Middle Districts of Florida, the Eleventh Circuit and the Ninth Circuit.

25.    Since starting Kaufman P.A., I have focused almost exclusively on TCPA class

actions, litigating in various jurisdictions across the country.  Our firm has been appointed class counsel in over thirty TCPA cases, including but not limited to the following:

- o *Halperin v. YouFit Health Clubs, LLC* (S.D. Fla. 2019), a nationwide Telephone Consumer Protection Act class action resulting in a $1.4 million class wide settlement.

- o *Armstrong v. Codefied Inc.* (E.D. Cal. 2019), a nationwide Telephone Consumer Protection Act class action resulting in a $2.2 million class wide settlement.

- o *Bulette v. Western Dental, et al.* (N.D. Cal. 2020), a nationwide Telephone Consumer Protection Act class action resulting in a $9.7 million class wide settlement.

- o *Izor v. Abacus Data Systems, Inc.* (N.D. Cal. 2020), a nationwide Telephone Consumer Protection Act class action settlement resulting in a $1.95 million class wide settlement.

- o *Fitzhenry v. Independent Home Products, LLC* (D.S.C. 2020), a nationwide Telephone Consumer Protection Act class action making $5.16 million available to the settlement class.

- o *Judson v. Goldco Direct LLC* (C.D. Cal. 2020), a nationwide Telephone Consumer Protection Act class action settlement resulting in a $1.5 million class wide settlement.

- o *Fitzhenry, et al. v. Safe Streets USA LLC, et al.* (E.D.N.C. 2021), a nationwide Telephone Consumer Protection Act class action settlement resulting in a $1.5 million class wide settlement.

- o *Beiswinger v. West Shore Home LLC* (M.D. Fla. 2022), a nationwide Telephone Consumer Protection Act class action settlement resulting in a $1,347,500 class wide settlement.

- o *Bumpus, et al. v. Realogy Brokerage Group LLC* (N.D. Cal. 2022), appointed class counsel in a contested nationwide Telephone Consumer Protection Act class action, ultimately resulting in a $20 million class wide settlement.

- o *Wright, et al. v. eXp Realty, LLC* (M.D. Fla. 2022), appointed class counsel in a contested nationwide Telephone Consumer Protection Act class action, ultimately resulting in a $26.91 million class wide settlement.

- o *Miller v. Bath Saver, Inc., et al.* (M.D. Penn. 2022), a nationwide Telephone Consumer Protection Act class action settlement resulting in a $1,950,000 class wide settlement.

- o *DeShay v. Keller Williams Realty, Inc.* (Fla. Cir. Ct. 2023), a nationwide

Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement

Telephone Consumer Protection Act class action resulting in a $40 million class wide settlement.

o *Taylor v. Cardinal Financial Company, LP* (M.D. Fla. 2023), a nationwide Telephone Consumer Protection Act class action settlement resulting in a $7,200,000 class wide settlement.

o *Chapman et al. v. America's Lift Chairs, LLC* (S.D. Ga. 2023), a nationwide Telephone Consumer Protection Act class action settlement resulting in a $1,700,000 class wide settlement.

o *Stark v. Blue Cross Blue Shield of North Carolina, et al.* (M.D.N.C. 2024), a nationwide Telephone Consumer Protection Act class action settlement resulting in a $1,670,000 class wide settlement.

o *Marden's Ark Corp. v. UnitedHealth Group Inc.* (E.D.N.C. 2025), a nationwide Telephone Consumer Protection Act class action settlement resulting in a $1,846,500 class wide settlement.

o *Fuld v. American Income Life Insurance Company* (S.D. Ind. 2025), a nationwide Telephone Consumer Protection Act class action settlement resulting in a $14 million class wide settlement.

o *Saggio et al. v. Medicredit, Inc.* (E.D. Mo. 2026), appointed class counsel in a contested nationwide Telephone Consumer Protection Act class action.

o *Usanovic v. eXp Realty LLC* (W.D. Wash. 2026), appointed class counsel in a contested nationwide Telephone Consumer Protection Act class action.

26.    Class Counsel has vigorously litigated this action and will continue to vigorously prosecute this matter through completion.

27.    The parties reached a settlement after approximately 15 months of contentious litigation, including significant informal and formal discovery. Class Counsel conducted a thorough investigation and analysis of Plaintiff's and the Settlement Class's TCPA claims and Defendant's defenses by engaging in informal and formal discovery with Defendant and engaging in expert analysis. Class Counsel's review of that discovery and attendant issues enabled them and Plaintiff to gain an understanding of the evidence related to central questions in the action and prepared them for well-informed settlement negotiations. Moreover, Class Counsel engaged an expert to analyze the call records ultimately produced in discovery to evaluate the "wrong number"

Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement

calls.

28.    Plaintiff and Plaintiff's counsel were well aware of the risks they faced if they continued to litigate, including from a potential change in consumer class action and/or TCPA law. Plaintiff's counsel also has taken into account the risks associated with pursuing this case through trial and appeal, including those associated the uncertain outcome and risk of the litigation, especially in complex actions such as this one involving "wrong number" claims, and the inherent delays in complex litigation.

29.    Plaintiff and Class Counsel believe that the claims asserted are meritorious and that Plaintiff would prevail if this matter proceeded to class certification and then trial. Defendant denies any liability and is willing to litigate vigorously. The Parties recognize and acknowledge the expense and length of continued proceedings that would be necessary to prosecute the litigation against Defendant through class certification, trial, and potential appeals.

30.    The monetary relief places the Settlement well within the range of possible approval. The Settlement Agreement creates a non-reversionary common fund of $850,000 for the benefit of Plaintiff and proposed class members. This amounts to approximately $60 before claims for each of the approximately 14,000 potential Settlement Class Members, all of whom have been identified by Defendant's records, and likely upwards of $150 to each Settlement Class Member that files a valid claim.

31.    At all times the negotiations were at arms' length and free from collusion, and Plaintiff's counsel steadfastly advocated for substantial settlement relief and a streamlined process for distributing payments to Settlement Class Members.

32.    The Settlement provides an efficient and fair manner for distributing settlement funds to the maximum possible number of Settlement Class Members. Settlement Class Members will have the ability to submit claims for payment by submitting by mail or online a simple claim form that includes their name, address, and telephone number at which they received the calls subject to the Settlement. Each Settlement Class Member that submits an Approved Claim will receive their *pro rata* share of the Settlement Fund after deduction of Settlement Administration

Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement

Expenses and any Fee Award and Service Award awarded by the Court.

33.    Based on evaluation of the pertinent factors, Plaintiff and Class Counsel have determined that the Settlement is in the best interests of Plaintiff and the Settlement Class, who otherwise may have received nothing if this case proceeded.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Dated: June 9, 2026                    */s/ Avi R. Kaufman*
                                        Avi R. Kaufman

Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement